528 A.2d 716

Allegheny County Constables Association, Inc., Petitioner *v.* Honorable Michael J. O'Malley, Respondent.

Argued April 21, 1987, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Arnold H. Cantor,* for petitioner.

*Howland W. Abramson,* for respondent.

OPINION BY SENIOR JUDGE NARICK, July 24, 1987:

The Allegheny County Constables Association, Inc. (Petitioner) filed a complaint in an action for a declaratory judgment, which this Court, by order dated September 18, 1985, declared would be treated as a petition for review addressed to our original jurisdiction. Before us now for disposition are the preliminary objections of the Honorable MICHAEL J. O'MALLEY, President Judge of the Allegheny County Court of Common Pleas (Respondent).

Three issues have been raised for our consideration: 1) whether the Court of Common Pleas of Allegheny County should be substituted as respondent in place of the President Judge (to which the Petitioner has no objection), 2) whether we are presented with a justiciable controversy, and 3) whether the Petitioner association has standing to sue on behalf of its elected membership. Because we answer the second question in the negative, we do not address the remaining issues.

Petitioner's complaint was filed in response to an order issued by Respondent dated March 15, 1985,[1] in

---

[1] The text of the order, which is appended to the complaint, reads:

FIRST: That traffic citation forms and non-traffic citation forms shall not be provided to nor issued by constables and deputy constables in Allegheny County.

which Respondent decreed that constables and their deputies in Allegheny County were not to be provided with traffic or non-traffic citation forms. Petitioner avers that this order diminishes the powers of constables and seeks a judgment declaring "that the office of constable and deputy constable is one which is vested with police powers pursuant to 13 P.S. §45"[2] and "that the term police officer as defined in Rule 51(c) Pa. R. Crim. P. includes the office of constables and deputy constables and that constables and deputy constables have the power to execute police complaints and all other police documents including citations to initiate criminal proceedings . . ." (Complaint, ¶¶ 2 and 3 of the prayer for relief).

The complaint, in relevant part, makes the following allegations:

4. Pursuant to . . . 13 P.S. §45 constables were given the power to arrest without warrant and upon view. The statute provides and [sic] pertinent part.

[C]onstables of the several boroughs of this [c]ommonwealth . . . shall and may, without warrant and upon view, arrest and commit for hearing any and all persons guilty of a breach of the peace, vagrancy, riotous or disorderly conduct or drunken[n]ess, or may be engaged in the commission of any unlawful act tending to imperil the personal security or endanger the property of the citizens, or violating any ordinances

SECOND: This Order shall be effective immediately.
THIRD: Notice of this Order shall be sent to each District Justice in Allegheny County by the Director of Special Courts.
[2] Act of June 4, 1897, P.L. 121, §1, repealed only with respect to the section's application to policemen by Act of May 14, 1915, P.L. 312, Ch. XIII, Art. I, §1(b).

of said borough, for the violation of which a fine or penalty is imposed. . . .

5. The initiation of a criminal proceeding is governed by the Pennsylvania Rules of Criminal Procedure. Rule 51(c), Pa. R. Crim. P. defines a police officer as 'a person who has by law been given the powers of a police officer when acting within the scope of his employment . . .'

6. An elected or deputy constable acting within the scope of his employment is by definition a police officer as that term is defined in the Pennsylvania Rules of Criminal Procedure.

7. The Pennsylvania Rules of Criminal Procedure provide for the initiation of criminal proceedings by persons other than a police officer through the filing of a 'Private Complaint' which requires the approval of the District Attorney before the submission to an issuing authority under Rule 133(B), Pa. R. Crim. P.

8. [Respondent], on March 15, 1985 entered an order that citation forms shall not be provided to or issued by constables and deputy constables within Allegheny county which has restricted and diminished the powers of constables as granted to them by statute and the Rules of Criminal Procedure. . . .

9. The Order entered by [Respondent] is contrary to the provisions of 13 P.S. §45 and the Rules of Criminal Procedure and diminishes the powers of Constables. . . .

10. Constables will now be required to utilize the private complaint procedure rather than issue police documents to initiate criminal prosecutions.

11. Citation forms are utilized to initiate proceedings for summary offenses as provided in Rule 51, Pa. R. Crim. P. and the [Respondent's]

Order denying use of citations by constables inhibits and restricts then [sic] police powers and will require Constables and deputy Constables to utilize the private complaint procedure for summary offenses.

12. The Order of March 15, 1985 issued by [Respondent] contravenes the provisions of 13 P.S. §45 and the Rules of Criminal Procedure.

Petitions for declaratory judgments are governed by the provisions of the Declaratory Judgments Act (Act), 42 Pa. C. S. §§7531-7541. While we are mindful that the Act specifically provides that its terms are to be liberally construed and administered, §7541, we have consistently held that there are certain limitations upon our ability to render declaratory judgments. *See e.g., Chester Upland School District v. Commonwealth of Pennsylvania,* 90 Pa. Commonwealth Ct. 464, 495 A.2d 981 (1985); *South Whitehall Township v. Commonwealth of Pennsylvania, Department of Transportation,* 82 Pa. Commonwealth Ct. 217, 475 A.2d 166 (1984); *Berger v. Commonwealth of Pennsylvania, Department of Environmental Resources,* 42 Pa. Commonwealth Ct. 206, 400 A.2d 905 (1979).

One such limitation is that the claim before us be justiciable. In *Chester Upland School District,* we defined that concept as the requirement that a petitioner's interest be " 'a direct, substantial and present interest, as contrasted with a remote or speculative interest.' " 90 Pa. Commonwealth Ct. at 467, 495 A.2d at 983, *citing Kaufmann v. Osser,* 441 Pa. 150, 155, 271 A.2d 236, 239 (1970). Declaratory judgment is not appropriate in cases where we are asked to determine rights in anticipation of events which may never occur. *Chester,* 90 Pa. Commonwealth Ct. at 468, 495 A.2d at 983 (citation omitted). It is an appropriate remedy "where a case presents antagonistic claims indicating imminent and inevitable litigation." *Id.* (citation omitted). The general

rule requires the presence of an actual controversy. *South Whitehall Township*, 82 Pa. Commonwealth Ct. at 222, 475 A.2d at 169.

From our review of the complaint before us, we are convinced that we are faced with a non-justiciable claim. Petitioner association does not indicate how its membership is prejudiced by the terms of Respondent's order, except to imply that the so-called "private complaint" procedure would be inconvenient. There are no allegations that the constables used the citations forms in the past, or that, if such is the case, that they have ceased using them. No impending harm is alleged in either the event that the constables stop using the documents or fail to do so. No constable has, apparently, been cited with contempt of the order, or threatened with same.

Given the complaint's vague allegations, it seems apparent that Petitioner's interests are too remote and speculative to warrant the entry of a declaratory judgment. Indeed, Petitioner does not postulate any potential future harm its membership faces in complying with the order and thus fails to convince us that it is faced with imminent litigation which is capable of resolution through the relief sought. Rather, we are asked to issue a blanket declaration that constables are vested with police powers, which we must decline to do under these circumstances.

For the foregoing reasons, the preliminary objections of Respondent are sustained, and the petition dismissed.

## ORDER

AND NOW, this 24th day of July, 1987, Respondent's preliminary objections are sustained, and the petition for review in the nature of a complaint for declaratory judgment is dismissed.