692 A.2d 1082

**Paul S. CHERRY, Appellant,**

v.

**CITY OF PHILADELPHIA, Appellee.**

Supreme Court of Pennsylvania.

Submitted Feb. 28, 1995.

Decided April 23, 1997.

Stanley M. Poplow, Paoli, for Paul S. Cherry.

Margarete E. Pawlowski, for City of Philadelphia.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

### OPINION ANNOUNCING THE JUDGMENT OF THE COURT

CASTILLE, Justice.

The issue in this matter is whether the trial court correctly granted the City of Philadelphia's preliminary objections thereby dismissing appellant's declaratory judgment action in which he sought to challenge the constitutionality of the City's imposition of certain business taxes and licensing requirements upon him for practicing law in the City. Appellant alleges that the imposition of the business taxes and licensing

requirements impermissibly interferes with this Court's constitutional authority to regulate the practice of law; and, accordingly, the imposition of the taxes and licensing requirements is unconstitutional. In granting the City's preliminary objections, the trial court found that appellant was barred from bringing this civil action because he failed to exhaust available administrative remedies. The Commonwealth Court affirmed. Because we find that appellant prematurely filed this action without allowing the City an opportunity to commence the administrative process and therefore failed to exhaust the available administrative remedies, we need not reach the constitutional issue. Therefore, we affirm the Commonwealth Court.

## I. *FACTS AND PROCEDURAL HISTORY*

Appellant is an attorney whose office is located in Wayne, Pennsylvania. In the course of representing his clients, he often appears in the Court of Common Pleas in Philadelphia. The Philadelphia Code, §§ 19–1502(1)(d)[1] and 19–2603(1),[2] requires all non-residents of the City to pay an annual city tax on the profits they earned as a result of doing business in Philadelphia. The Code also mandates that all persons wishing to conduct business in Philadelphia obtain a business privilege license.[3] Notwithstanding these tax and license pro-

1. Section 19–1502(1)(d), dealing with net profits tax, provides in pertinent part:

    (1) An annual tax for general revenue purposes is imposed as follows:
        \* \* \*
    (d) On the net profits earned in businesses, professions or other activities conducted in Philadelphia by non-residents
    . . . .

2. Section 19–2603, dealing with business privilege taxes, provides in pertinent part:

    (1) In accordance with the provisions of the Act known as the First Class City Business Tax Reform Act, a tax is hereby imposed upon every person engaging in any business in the City of Philadelphia beginning with the tax year 1985, and annually thereafter.

3. Section 19–602 provides in pertinent part:

    (1) Beginning in the year 1985, and annually thereafter, every person desiring to engage in or to continue to engage in any business within

visions, appellant failed to pay taxes on the legal work that he conducted in the City or to obtain a business privilege license.

The record reflects that in the summer of 1992, the City notified appellant by letter that he was in violation of the tax and license provisions of the Philadelphia Code. There is no indication in the record that the City took any further action to enforce the tax and license provisions such as issuing a notice of taxes due or a notice of delinquent taxes. Appellant filed a declaratory judgment action against the City seeking a ruling that the tax and license provisions as applied to him are unconstitutional. In his complaint, appellant argues that the City's requirement that non-resident attorneys obtain a business privilege license impermissibly encroaches upon this Court's regulation of the practice of law under the Pennsylvania Constitution. He also alleges that his appearances in Philadelphia courts do not rise to the level of minimum contacts required to give the City jurisdiction to require a non-resident to obtain a business privilege license. As a result, appellant sought an injunction to enjoin the city from imposing the taxes on him through civil or criminal procedures or from preventing him from appearing in the Philadelphia courts without a business privilege license.[4]

The City filed preliminary objections claiming that the action should be dismissed because appellant had failed to exhaust the available administrative remedies and failed to state a claim upon which relief could be granted. The trial court sustained the preliminary objections and dismissed the complaint, without prejudice, finding that it lacked jurisdiction because appellant had failed to exhaust the administrative

the City of Philadelphia shall, whether or not such person maintains a place of business in the City ... procure a business privilege license from the Department of Licenses and Inspections....

4. There is nothing in the record indicating that the City informed appellant that it intended to prevent him from practicing law in the Philadelphia courts. Indeed, the City does not have authority to prevent anyone who fails to get a business license from continuing to conduct business within the City. The Philadelphia Code only authorizes the City to impose interest, fines or criminal penalties for failure to comply with the tax and license provisions, including the business privilege license provision.

remedies. Appellant appealed the trial court's decision to the Commonwealth Court, and the Commonwealth Court affirmed in a published opinion. *Cherry v. City of Philadelphia*, 160 Pa. Commw. 179, 634 A.2d 754 (1993). This Court granted allocatur limited to the issue of whether appellant was required to exhaust administrative remedies prior to filing suit in the Court or Common Pleas.[5]

## II. *ADMINISTRATIVE REMEDIES*

■ Where the City's Department of Revenue issues a decision or determination of tax liability against a taxpayer, the taxpayer may appeal the decision or determination to the Philadelphia Tax Review Board. The appeal must be filed within sixty days after the mailing of the determination of liability to the taxpayer. Philadelphia Code § 19–1702(a). The Tax Review Board has exclusive jurisdiction over disputes concerning local tax liability in the City of Philadelphia. Philadelphia Code § 19–1702(1). A party may not bring an action challenging the determination by a taxing authority of tax liability in a court of equity where the question is within the exclusive jurisdiction of a non-judicial tribunal and administrative remedies have not been exhausted. 42 Pa.C.S. § 7541(c);[6] *Penn Galvanizing Co. v. Philadelphia*, 388 Pa. 370, 374, 130 A.2d 511, 514 (1957) (equitable relief cannot be granted to a party who has an adequate remedy at law and who has failed to exhaust that remedy).

In the instant case, there is no indication in the record that the City's Department of Revenue ever issued a determination of tax liability against appellant. Instead, it appears that he received only a letter from a law firm representing the City

5. Appellant sought allowance of appeal on the underlying issues raised in his complaint. The merits of these issues were not addressed by either the trial court or the Commonwealth Court; therefore, allocatur was granted as to the jurisdictional issue only. Thus, the merits of the issues raised in appellant's complaint are not presently before us.

6. Section 7541(c) provides:

Relief shall not be available under this [Act] with respect to any proceeding within the exclusive jurisdiction of a tribunal other than a court.

notifying him that he was in violation of the tax and license provisions. Thus, neither the Department of Revenue nor the Tax Review Board has ever had the opportunity to determine whether the City's tax and license provisions apply to appellant.

An exception to the general rule that a party must exhaust administrative remedies is where the party challenges the constitutionality of the enabling legislation of an administrative agency. In *Lynch v. Owen J. Roberts School District*, 430 Pa. 461, 244 A.2d 1 (1968), this Court held that "where a taxing statute is made the subject of a constitutional challenge," a party need not exhaust administrative remedies even where a statutory remedy exists. This Court narrowed the applicability of the *Lynch* decision in *Rochester & Pittsburgh Coal Company v. Board of Assessment & Revision*, 438 Pa. 506, 266 A.2d 78 (1970), holding that the mere allegation or characterization of one's claim as a constitutional claim does not automatically allow a party to bypass administrative remedies. In rejecting the plaintiff's claims that revised tax classifications and the rates violated the Equal Protection Clause and the Fourth to Eighth Class County Assessment Law,[7] the *Rochester* court held that:

> [W]hat is required to confer jurisdiction on an equity court is the existence of a *substantial* question of constitutionality (and not a mere allegation) and the absence of an adequate statutory remedy.

*Id.* at 508, 266 A.2d at 79 (emphasis added). The Court defined a substantial constitutional challenge as a challenge to the validity of the statute as a whole and not simply a challenge to the application of the statute to a particular party. *Id.* at 509, 266 A.2d at 79. The Court stated that where a party challenges merely the application of the statute, the "administrative body which has responsibility for applying the statute on a day-to-day basis should have the first opportunity of studying and ruling on any new application." *Id.*

7. Act of May 21, 1943, P.L. 571, Art. § 101 *et seq.*, 72 P.S. § 5453.101 *et seq.*

Appellant is challenging the application of the tax and business privilege license provisions to him; therefore, the City's Department of Revenue and Tax Review Board should be entitled to rule on the applicability of the provisions. Appellant, however, has not afforded them the opportunity to make that determination because appellant filed suit before the City took any action to assess taxes due or to collect delinquent taxes. At the time appellant filed suit, the issue of the applicability of the provisions to appellant was not yet ripe for review by the Tax Review Board because the Department of Revenue had not made any determination of tax liability against appellant. Appellant never exhausted the administrative remedies available to a taxpayer because he filed this action prematurely—before any action had been taken by the City to apply the challenged provisions to him.

## III. *CONSTITUTIONAL ISSUE*

This Court need not reach the constitutional issue raised by appellant because his claim is not justiciable. Because appellant filed his declaratory judgment action before the City took any steps to assess or collect taxes or enforce the license provision, there is no actual controversy. Appellant has not suffered any damage nor is there an actual potential for damage as a result of the City's letter to him notifying him of his violations. Where no actual controversy exists, a claim is not justiciable and a declaratory judgment action cannot be maintained. *See Gulnac v. South Butler County School District,* 526 Pa. 483, 488, 587 A.2d 699, 701 (1991) ("Only where there is a real controversy may a party obtain a declaratory judgment"); *Zinc Corp. of America v. Department of Environmental Resources,* 145 Pa. Commw. 363, 367–68, 603 A.2d 288, 290–91 (1992), *aff'd without op.,* 533 Pa. 319, 623 A.2d 321 (1993) (declaratory judgment action seeking pre-enforcement review of environmental regulation does not present justiciable issue); *Allegheny County Constables Association v. O'Malley,* 108 Pa. Commw. 1, 5–6, 528 A.2d 716, 718 (1987) (declaratory judgment is not appropriate to determine rights

in anticipation of events that may never occur; generally, the presence of an actual controversy is required).

■ In addition, the constitutional issue raised by appellant—that the City is attempting to prohibit him from practicing law in the Philadelphia courts in contravention of this Court's sole authority under the Pennsylvania Constitution to regulate the practice of law [8]—is not supported by the record. There is no record evidence that the City has done anything to prevent appellant from practicing law in the Philadelphia courts. While this argument, on its face, appears to have some merit since it is within the exclusive authority of this Court to regulate the practice of law in the unified judicial system, in fact, the City lacks authority to prevent appellant from practicing law in the Philadelphia court system. The Philadelphia Code only empowers the City to impose interest, fines or criminal penalties on persons for failure to comply with its tax and license provisions. *See* Philadelphia Code § 19–509 (providing for interest and fines for failure to comply with taxing and licensing provisions in general); § 19–2608 (taxing provisions may be enforced in accordance with the First Class City Business Tax Reform Act, 53 P.S. § 16189); 53 P.S. § 16189(3)(failure to file a tax return is a third degree misdemeanor carrying maximum penalty of $1,000 fine and one year imprisonment). No Code provision allows the City to interfere with the conduct of business in the City or the practice of law in the city court system as a penalty for failure to pay taxes or obtain a business privilege license.

For the foregoing reasons, the order of the Commonwealth Court is affirmed.

ZAPPALA, J., files a concurring opinion in which FLAHERTY, C.J., and CAPPY, J., join.

NIGRO, J., concurs in the result.

ZAPPALA, Justice, concurring.

Although I concur in the result, I must disassociate myself from the reasoning and analysis employed by the Majority to

8. Pa. Const. Art. 5, § 10 cl. c; 42 Pa.C.S. § 1722(a)(1).

reach this result. I believe a more accurate statement of the law is that which is reflected in the majority opinion of the Commonwealth Court, authored by the Honorable Dan Pellegrini.

Commonwealth Court concluded that, "[b]ecause [the] complaint did not set forth a substantial constitutional question, the trial court did not err in refusing to exercise its equity jurisdiction to decide this case under the Declaratory Judgments Act." *Cherry v. City of Philadelphia,* 160 Pa.Cmwlth. 179, 184, 634 A.2d 754, 756 (1993). I would affirm on such basis.

FLAHERTY, C.J., and CAPPY, J., join this concurring opinion.