# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Provision of Grace World      :
Mission Church,      :
         Appellant      :
     :
     v.      :
     :    No. 1453 C.D. 2018
City of Philadelphia      :    Argued: June 3, 2019

BEFORE:    HONORABLE ANNE E. COVEY, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED: June 28, 2019

Provision of Grace World Mission Church (Owner) appeals from the order of the Court of Common Pleas of Philadelphia County (trial court), dated July 2, 2018 and entered July 3, 2018, which sustained the preliminary objections of the City of Philadelphia (City) in the nature of a demurrer and dismissed Owner's complaint with prejudice. Upon review, we affirm the dismissal on other grounds.[1]

In March 2018, Owner filed a two-count complaint against the City alleging the following facts. Owner is a religious organization exempt from federal income tax and possessing a certificate of exemption from taxation by the Commonwealth of Pennsylvania, Department of Revenue. Complaint ¶¶ 2-4.

---

[1] An appellate court may affirm on other grounds where grounds for affirmance exist. *FP Willow Ridge Assocs., L.P. v. Allen Twp.*, 166 A.3d 487, 496 n.11 (Pa. Cmwlth. 2017).

Owner owns and uses a building located at 1950 West Rockland Street in Philadelphia for its religious activities. *Id*. ¶ 2. The City operates a Department of Revenue that assesses fees for water and sewer services in the City, including services rendered to Owner. *Id*. ¶ 5. Owner has a City-issued water meter located on its property that measures its use of the City's water utilities. *Id*. ¶ 12. Owner paid all charges owed to the City that it incurred as a result of its water use based on the readings of the water meter located on the property. *Id*. ¶¶ 8 & 12.

In 2009, the City announced a plan to begin assessing non-residential properties, including Owner's property, a stormwater management service charge (Charge). Complaint ¶ 6. The Charge was to "fund a variety of activities" including maintaining the City's network of pipes and inlets that carry stormwater and implementing restoration projects to reduce sewer overflows and pollutants in the City's streams and waterways. *Id*. Owner avers that the 2009 plan imposed a new "parcel based" means of calculating the Charge based on the property's gross area plus the amount of its "impervious area." *Id*. ¶ 9.

Though the 2009 plan implemented the parcel-based means to calculate the Charge, Owner alleges that the City did not measure according to the plan but simply "assumed" each property's impervious area to be a "percentage of the gross area." Complaint ¶ 10. Because the City does not base the Charge on any calculation relating to use of the City's stormwater drainage facilities or management system, Owner avers that the Charge is, in reality, a tax that Owner, as a tax-exempt entity, is not required to pay. *Id*. ¶¶ 11, 24 & 26. After the 2009 plan was implemented, Owner continued to pay the use-based charges incurred, as reflected on the water meter, but refused to pay the Charge. *Id*. ¶¶ 12-13.

Because Owner refused to pay the Charge, in 2014, the City sued Owner in the trial court seeking to recover more than $16,000 in back charges, interest and fines. Complaint ¶ 14. The matter went to arbitration, and an arbitration panel entered an award in favor of Owner; the City did not appeal the decision, rendering it final. *Id.* ¶ 16. Despite its unsuccessful effort to collect the Charge against Owner, the City continued to assess Owner with the Charge. *Id.* ¶ 17. In 2017, without notice to Owner, the City entered a "water lien" against Owner's property in the amount of $26,433.89 and terminated Owner's water service. *Id.* ¶¶ 18 & 20. Owner alleges that by entering a lien against it, the City placed a cloud on Owner's title, thereby preventing Owner from obtaining financing needed to further its "religious and charitable activities." *Id.* ¶ 19. Owner continues to refuse to pay the Charge. *Id.* ¶ 17.

Based on these facts, Owner alleged, in its complaint, that the City violated several provisions of the Pennsylvania Constitution by imposing the Charge on Owner, a tax-exempt entity. Complaint ¶¶ 24, 26, 31-34. Owner further alleged that the City violated its procedural due process rights by imposing a lien against Owner's property and terminating its water service without notice and/or an opportunity to contest the Charge. *Id.* ¶¶ 37-38. Owner further asserted that there is "no administrative forum with the authority" to provide it with the relief it seeks, *id.* ¶ 36, including: (1) an award of damages; (2) a declaration that the Charge is a tax; (3) an order requiring the City to remove, at its cost, the lien it imposed on Owner's property; (4) an order requiring the City to restore water service to Owner's property; (5) an order requiring the City to cease and desist from charging the "tax" to Owner or attempting to collect it; and (6) an award of reasonable attorneys' fees and costs. Complaint, Prayer for Relief (a)-(f).

3

In response to Owner's complaint, the City filed two preliminary objections. First, the City objected by asserting that Owner failed to plead sufficient facts to support its claims. Preliminary Objections Part A. The City contended that Owner's claims were "based upon the manner in which the City calculates" the Charge. Preliminary Objections ¶ 19. Though Owner's claims were based on the manner of calculating the Charge, the City contended that Owner failed to identify a legal source supporting how the City calculates the charge and failed to identify the time period from which Owner's claims stem. *Id*. ¶¶ 20-22.

Second, the City objected to Owner's Complaint in the nature of a demurrer to Owner's claims seeking declaratory judgment and alleging procedural due process violations. Preliminary Objections Part B. The City asserted that Owner made no allegations "concerning the actual methods by which the Charge has been assessed since July 1, 2013, or any allegations as to the legal validity of this method," and, therefore, Owner failed to plead a cause of action related to the method by which the Charge is assessed. *Id*. ¶ 32 & 34. The City argued that Owner's claim for due process violations must fail because Owner admitted, in its complaint, that it received "continued notification" of the Charge on a monthly basis. *Id*. ¶ 36. Though the City did not specifically raise an objection that Owner failed to exhaust its administrative remedies, the City noted in its objections that Owner could have filed a written appeal with the Philadelphia Water Department and then, if still dissatisfied, could have had a hearing before the Tax Review Board on the matter. *Id*. ¶ 45; *see infra* note 3.

After review of the City's preliminary objections, the trial court granted them and dismissed Owner's claims with prejudice. Trial Court Order dated 7/2/18. Subsequently, the trial court issued an opinion wherein it explained that it properly

4

sustained the City's preliminary objections because Owner's complaint fails to plead essential facts as it fails to cite any "specific regulation, city code or statute" to support its allegations that the City improperly calculated the Charge and Owner did not identify the "time period" when it was improperly charged. Trial Court Opinion dated 9/7/18 at 3-4. The trial court concluded that because Owner failed to include these facts, the City does not have adequate notice of the time period from which these claims arise and, therefore, cannot ascertain the extent of Owner's claims to prepare and submit evidence to dispute it. *Id*. at 4. The trial court further explained that Owner's claims were insufficient because Owner failed to plead facts or provide exhibits that refer to and/or reflect the City's method of calculation or why the City's calculations are inaccurate under any specific "code, regulation or statute." *Id*. at 5. Therefore, the trial court concluded that Owner cannot "set forth a basis for recovery" and dismissed the complaint. *Id*. Owner brought this appeal.[2]

On appeal, Owner asserts that the trial court erred by dismissing its complaint because Owner pleaded sufficient facts to enable the City to prepare an adequate defense. Owner's Brief at 6-7. Owner contends that it identified a time period, as it alleged that the City has improperly imposed the Charge from the inception of the 2009 plan to the present. *Id*. at 7. Owner asserts that even if its complaint lacked sufficient facts for the City to provide a proper defense, "the only appropriate remedy here was to allow [Owner] an opportunity to cure by

---

[2] When an appellate court rules on whether preliminary objections in the nature of a demurrer were properly sustained, the standard of review is *de novo* and the scope of review is plenary. *Owens v. Lehigh Valley Hosp.*, 103 A.3d 859, 862, n.4 (Pa. Cmwlth. 2014). In ruling on preliminary objections we accept as true all well-pleaded material allegations and any reasonable inferences that we may draw from the averments. *Highley v. Dep't of Transp.*, 195 A.3d 1078, 1082 (Pa. Cmwlth. 2018). We may sustain preliminary objections only when the law makes clear that the complainant cannot succeed on his claim, and we must resolve any doubt in favor of the complainant. *Id*.

amendment." *Id.* Owner further contends that the City's argument that Owner incorrectly identified how the Charge is determined is a factual argument, not a legal argument, and therefore is not properly raised as a demurrer. *Id.* Moreover, Owner argues that the City's argument does not control its claims for relief because Owner's argument is that the Charge is a tax and it pleaded facts in support. *Id.*

Upon review, we affirm on other grounds, as the trial court properly dismissed the complaint but should have dismissed it because Owner failed to exhaust its administrative remedies.[3] "[I]t is well-settled that a party may not seek judicial resolution of a dispute until he or she has exhausted available administrative remedies." *City of Philadelphia v. Lerner*, 151 A.3d 1020, 1024 (Pa. 2016) (citing *Canonsburg Gen. Hosp. v. Dep't of Health*, 422 A.2d 141, 144 (Pa. 1980)). In its complaint, Owner seeks a declaration that the Charge is a tax. Owner should have brought its claims before the Tax Review Board[4] for adjudication before seeking judicial resolution of its dispute. The Tax Review Board has exclusive jurisdiction over disputes involving "*any tax,* water or sewer rent, license fee *or other charge*" resulting from "any decision or determination relating to the liability of any person for any unpaid money" collectible by the Department of Revenue for or on behalf of the City. Philadelphia Code § 19-1702[5] (emphasis added); *Cherry v. City of*

---

[3] Although the City did not specifically object on the basis of failure to exhaust administrative remedies before the trial court, the City has raised the issue before this Court. City's Brief at 13-14. But, regardless of whether the City raised the issue, the failure to exhaust administrative remedies is jurisdictional in nature and, therefore, can be raised at any time either by the parties or by the court *sua sponte*. *See* Pa.R.C.P. No. 1032; *see also Brog v. Dep't of Pub. Welfare*, 401 A.2d 613, 615 (Pa. Cmwlth. 1979).

[4] The Tax Review Board is an administrative agency created pursuant to the authority of the Philadelphia Home Rule Charter. *Krug v. City of Philadelphia*, 620 A.2d 46, 47, n.1 (Pa. Cmwlth. 1993).

[5] Section 19-1702(1) of the Philadelphia Code provides for "Petitions for Review" as follows:

*Philadelphia*, 692 A.2d 1082, 1084 (Pa. 1997) (stating that the Tax Review Board has exclusive jurisdiction over disputes concerning local tax liability in the City of Philadelphia).

Here, Owner did not pay the Charge based on its assertion that the Charge is a tax, and in response, the City filed a lien against Owner in the amount of $26,433.89 to collect the "unpaid money" resulting from the Charge. But, to challenge the City's determination of tax liability, Owner should have first petitioned the Tax Review Board for a hearing and a decision as to whether the Charge is a tax and whether Owner is liable for the unpaid Charge.[6] Phila. Code §§ 19-1702(1), 19-1701(3)(a) & (d); *Krug*, 620 A.2d at 47. If Owner received an adverse decision from the Tax Review Board, then Owner could appeal that decision to the trial court and seek the relief requested in the complaint. Phila. Code § 19-1706(2). Because the Tax Review Board has "exclusive jurisdiction" over disputes involving taxes or other charges, Owner cannot initially seek relief from the trial court, or this Court, on the matters raised in its complaint. *Cherry*, 692 A.2d at 1084 (explaining that "a party may not bring an action challenging the determination by a taxing authority of

> Every petition for review of any decision or determination relating to the liability of any person for any unpaid money or claim collectible by the Department of Revenue, for or on behalf of the City or the School District of Philadelphia, including, but not limited to, any tax, water or sewer rent, license fee or other charge, and interest and penalties thereon, shall be filed with the Tax Review Board within 60 days after the mailing of a notice of such decision or determination to the petitioner.

Phila. Code § 19-1702(1).

[6] We note that a customer may also challenge the rates and charges on a water, sewer and/or stormwater services bill by contacting the Public Water Department and filing an appeal to seek an adjustment due to an (1) incorrect parcel, (2) inaccurate property classification, (3) inaccurate gross area, (4) inaccurate impervious area, and (5) residential sideyard exemption. Public Water Department Regulations § 304.3(a)(7)(i) (effective 7/10/15); Reproduced Record at 39a.

7

tax liability in a court of equity where the question is within the exclusive jurisdiction of a non-judicial tribunal and administrative remedies have not been exhausted"); *Lilian v. Commonwealth of Pennsylvania*, 354 A.2d 250, 252 (Pa. 1976) (explaining that where an administrative remedy is statutorily prescribed, a court of equity or a court of law is without jurisdiction to entertain the action); *accord* 42 Pa.C.S. § 7541(c)(2) (providing that declaratory relief is not available when the proceeding is within the exclusive jurisdiction of a tribunal other than a court).

Nevertheless, Owner asserts that it is not required to go before the Tax Review Board with its claims because it raises a substantial constitutional question, which is an exception to the exhaustion doctrine. Owner's Reply Brief at 6-7. *Cherry*, 692 A.2d at 1084 (citing *Lynch v. Owen J. Roberts Sch. Dist.*, 244 A.2d 1 (Pa. 1968)) (a party need not exhaust administrative remedies, even where a statutory remedy exists, in cases where the party challenges the constitutionality of the enabling legislation). Owner asserts that the Charge is a "tax" on its face that applies to all entities entitled to an exemption and that the City "mischaracterizes" the nature of its challenge as an "as applied" constitutional challenge. Owner's Reply Brief at 6. But, "the mere allegation or characterization of one's claim as a constitutional claim does not automatically allow a party to bypass administrative remedies." *Cherry*, 692 A.2d at 1084. Rather, what is required to "confer jurisdiction on an equity court is the existence of a substantial question of constitutionality." *Id*.

To be deemed a substantial question of constitutionality, the challenge must be to the validity of the statute, or here, the regulation, as a whole and not simply a challenge to the application of the regulation to a particular party. *Cherry*, 692 A.2d at 1084. Owner is challenging the application of the Charge to its property given Owner's status as exempt. Complaint ¶ 24 (alleging that the Charge "as

8

applied" to Owner is a tax). Thus, Owner does not raise a substantial question of constitutionality. "[W]here a party challenges merely the application of the [regulation], the 'administrative body which has responsibility for applying the [regulation] on a day-to-day basis should have the first opportunity of studying and ruling on any new application.'" *Cherry*, 692 A.2d at 1084 (quoting *Rochester & Pittsburgh Coal Co. v. Board of Assessment & Revision*, 266 A.2d 78, 79 (Pa. 1970). The Tax Review Board should have been given an opportunity to ascertain whether the Charge is a tax and whether Owner is required to satisfy the lien reflecting unpaid money owed as a result of the Charge before Owner brought its complaint to the trial court.

For the foregoing reasons, we affirm the trial court's order dismissing the complaint, but on other grounds, that is, because Owner failed to exhaust its administrative remedies.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Provision of Grace World | : | |
| Mission Church, | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 1453 C.D. 2018 |
| City of Philadelphia | : | |

# O R D E R

AND NOW, this 28th day of June, 2019, the order of the Philadelphia Court of Common Pleas, dated July 2, 2018, is AFFIRMED on other grounds as provided in the foregoing opinion.

_____
CHRISTINE FIZZANO CANNON, Judge