IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clean Air Council, Earthworks, : 
Citizens for Pennsylvania's Future, : 
Protect PT, and Sierra Club, : 
 : 
Petitioners : 
 : 
v. : No. 379 M.D. 2023
 : Argued: December 10, 2025
Commonwealth of Pennsylvania, : 
General Assembly of the Commonwealth : 
of Pennsylvania, Department of : 
Environmental Protection, Environmental : 
Quality Board, and Jessica Shirley in : 
Her Official Capacities as Interim : 
Acting Secretary of the Department : 
of Environmental Protection and : 
Chair of the Environmental Quality Board, : 
 : 
Respondents : 

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE LORI A. DUMAS, Judge
          HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  April 7, 2026

        Before this Court, in our original jurisdiction, are the Preliminary

Objections (POs) of Pennsylvania Independent Oil & Gas Association, Pennsylvania

Independent Petroleum Producers Association, and Pennsylvania Grade Crude Oil

Coalition (collectively, Industry Intervenors) to Clean Air Council, Earthworks, Citizens for Pennsylvania's Future, Protect PT, and Sierra Club's (collectively, Petitioners) Amended Petition for Review in the Nature of an Action for Declaratory Relief (Amended PFR). Industry Intervenors challenge the Amended PFR based on subject matter jurisdiction, including untimeliness and waiver, and the failure to state a claim upon which relief may be granted. They also seek to strike portions of Petitioners' Answer to the POs for procedural noncompliance with Pennsylvania Rule of Civil Procedure (Civil Rule) 1022, Pa.R.Civ.P. 1022. Upon review, we strike in part and overrule in part the procedural PO and otherwise overrule the substantive POs.

## I. Background

On December 29, 2023, Petitioners filed an Amended Petition in this Court's original jurisdiction against Respondents Department of Environmental Protection (DEP), the Environmental Quality Board (EQB), and Jessica Shirley in her official capacities as Interim Acting Secretary of DEP and Chair of the EQB (collectively, Agency Respondents), and the General Assembly[1] seeking declaratory relief under the Declaratory Judgments Act (DJA), 42 Pa. C.S. §§7531-7541. Petitioners present a facial challenge to the constitutionality of Section 2 of the Act of July 19, 2022, P.L. 1622 (Act 96), 58 Pa. C.S. §3225. Section 2 of Act 96 freezes bonding amounts for conventional oil and gas wells at $2,500 per well for 10 years, caps blanket bonds at $25,000 plus $1,000 per new well (up to $100,000), and

---

[1] Petitioners also named the Commonwealth of Pennsylvania as a respondent to which the Commonwealth filed a PO on the basis it was improperly joined as a party to this action in violation of sovereign immunity. In response, Petitioners filed a "Stipulation of Dismissal," which was unopposed. By order dated December 3, 2025, this Court dismissed the Commonwealth from the action and dismissed as moot the Commonwealth's PO.

removes Agency Respondents' authority to adjust those bond amounts during the 10-year period.[2]  *See* 58 Pa. C.S. §3225.  Petitioners claim that Section 2 of Act 96 violates article I, section 27 of the Pennsylvania Constitution, Pa. Const. art. I, §27 (ERA), which imposes trustee obligations on the Commonwealth and creates a right to a clean environment.  Specifically, Petitioners contend that the frozen bond amounts are grossly inadequate to cover the actual cost of plugging abandoned wells (estimated between $33,000 and $100,000 per well).  The law prevents timely remediation of thousands of abandoned wells, which emit harmful pollutants such as methane, benzene, and arsenic.  Petitioners claim that the resulting environmental degradation and public health risks violate the public's constitutional right to clean air, pure water, and a healthy environment as guaranteed by the ERA.

By way of background, Petitioners advise that, in September 2021, prior to the initiation of this action and the passage of Act 96, they filed a rulemaking petition with the EQB to increase the bond amounts for conventional oil and gas wells under the former law.  The EQB denied the rulemaking petition on July 11, 2023, on the basis that Act 96 eliminated the EQB's statutory authority to grant the relief requested.  Amended PFR, ¶¶17-18.

With the Amended PFR, Petitioners seek a declaratory judgment that Section 2 of Act 96 is unconstitutional insofar as it freezes bond amounts and removes Agency Respondents' authority to adjust bond amounts for conventional wells.  This would restore Agency Respondents' ability to adjust bond amounts based on actual remediation costs.

---

[2] Prior to the passage of Section 2 of Act 96, the EQB was authorized to adjust bond amounts for all wells, including conventional wells, every two years to reflect the projected costs to the Commonwealth of plugging the wells.  *See former* 58 Pa. C.S. §3225.

3

On January 11, 2024, Industry Intervenors filed an unopposed application for leave to intervene[3] and attached to that filing their POs to the Amended PFR. By order dated March 13, 2024, this Court granted intervention. By order dated July 8, 2024, this Court directed the Prothonotary to accept Industry Intervenors' POs to the Amended PFR for filing. Industry Intervenors raise three substantive objections: (1) lack of subject matter jurisdiction pursuant to Civil Rule 1028(a)(1), Pa.R.Civ.P. 1028(a)(1), on the theory that the action is an untimely appeal; (2) lack of subject matter jurisdiction pursuant to Civil Rule 1028(a)(1) based on alleged waiver; and (3) legal insufficiency (demurrer) pursuant to Civil Rule 1028(a)(4), Pa.R.Civ.P. 1028(a)(4).[4]

Petitioners filed an Answer to the POs. In response, on May 13, 2024, Industry Intervenors filed a procedural PO to Petitioners' Answer claiming that it fails to conform to the rules of court, specifically, Civil Rule 1022, Pa.R.Civ.P. 1022, and asking this Court to strike the Answer in its entirety or at least the paragraphs not consecutively numbered.

---

[3] Senate Majority Leader, House Majority Leader, and the Pennsylvania Senate and House Republican Caucuses also sought intervention. Their application was denied after hearing on July 1, 2024.

[4] POs may be filed by any party to any pleading and are limited to the grounds set forth in Civil Rule 1028(a), Pa.R.Civ.P. 1028(a). In ruling on POs, "[w]e are required to accept as true the well-pled averments set forth in the . . . [PFR], and all inferences reasonably deducible therefrom." *Pennsylvania State Lodge, Fraternal Order of Police v. Department of Conservation and Natural Resources*, 909 A.2d 413, 415-16 (Pa. Cmwlth. 2006), *aff'd*, 924 A.2d 1203 (Pa. 2007). However, we are not required to "accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.* at 416. To sustain POs, "it must appear with certainty that the law will not permit recovery, and, where any doubt exists as to whether the [POs] should be sustained, the doubt must be resolved in favor of overruling the [POs]." *Id.*

The General Assembly filed an Answer to the Amended PFR with New Matter, which Petitioners answered. Agency Respondents filed an Answer to the Amended PFR and a brief in opposition to Industry Intervenors' POs.[5]

## II. POs

Industry Intervenors assert that the Amended PFR should be dismissed based on three substantive objections. First, Industry Intervenors argue that the Court lacks subject matter jurisdiction because Petitioners' claims amount to an untimely appeal from the EQB's July 11, 2023 decision, allegedly violating the 30-day filing requirement in Pennsylvania Rule of Appellate Procedure (Appellate Rule) 1512(a), Pa.R.A.P. 1512(a). Second, they contend that Petitioners waived any constitutional challenge to Section 2 of Act 96 by failing to raise it during the EQB rulemaking petition process, as required by Section 703 of the Administrative Agency Law, 2 Pa. C.S. §703, and Appellate Rule 1551(a), Pa.R.A.P. 1551(a). Third, Industry Intervenors assert that the Amended PFR does not state a cognizable claim under the ERA because it seeks to compel DEP to alter its enforcement practices and bonding policies—matters they contend are committed to agency discretion and are not judicially enforceable. In addition, Industry Intervenors argue, through their separate May 13, 2024 filing, that Petitioners' Answer to their POs should be stricken for procedural noncompliance as inconsistent with Civil Rule 1022, Pa.R.Civ.P. 1022. We begin with the procedural PO.

---

[5] The General Assembly did not file a brief addressing the POs.

## III. Discussion
## A. Procedural Noncompliance with Civil Rule 1022

Industry Intervenors contend that Petitioners' Answer to their POs violates Civil Rule 1022, which requires that every pleading be divided into consecutively numbered paragraphs. They argue that Petitioners' Answer begins with approximately five to six pages of unnumbered legal argument—an unauthorized "mini-brief" that is not tied to the numbered averments in the POs and that, in their view, contains inaccurate and objectionable statements. Industry Intervenors maintain that the inclusion of this unnumbered, argumentative section violates the rules governing pleadings, affords Petitioners a strategic advantage by previewing legal arguments outside the formal briefing schedule, and creates prejudice because there is no procedural mechanism to respond to legal argument embedded within a pleading. As a remedy, Industry Intervenors request that the Court strike the entire Answer or, at minimum, strike the unnumbered introductory portion to deter future violations and preserve procedural integrity.

Petitioners acknowledge including introductory legal discussion in unnumbered form, but they argue that the objection should be denied because Industry Intervenors suffered no prejudice. Petitioners point out that they provided complete, consecutively numbered responses to each numbered paragraph of the POs, and Industry Intervenors were fully able to brief the merits—indeed filing a separate, comprehensive brief addressing Petitioners' arguments. The introductory comments did not hinder Industry Intervenors' ability to respond and, if anything, merely previewed arguments that Industry Intervenors then addressed in their own filings. Petitioners emphasize that Pennsylvania courts treat Civil Rule 1022 objections through the lens of prejudice rather than strict formalism, and striking an entire pleading for a minor formatting issue is disfavored absent actual harm. Even

6

if a technical violation occurred, Petitioners maintain that the appropriate remedy would be simply to disregard the unnumbered introductory material or, at most, strike only that limited section while leaving the numbered responses intact.

Civil Rule 1022 provides: "Every pleading shall be divided into paragraphs numbered consecutively. Each paragraph shall contain as far as practicable only one material allegation." Pa.R.Civ.P. 1022. Under Pennsylvania practice, defects "resting more on form than want of substance" do not warrant striking an entire pleading. *See Stevens v. Smith*, 165 A. 237, 238 (Pa. 1933). Instead, courts may either disregard the nonconforming portions or strike only the offending text, particularly where the remainder of the pleading is intelligible and responsive. *Meier v. Maleski*, 648 A.2d 595, 601 (Pa. Cmwlth. 1994) (striking only the defective portion where the remainder of the pleading was intelligible); *see Torsella v. PPL Corp.* (Pa. Cmwlth., No. 272 M.D. 2019, filed May 6, 2020) (appropriate remedy is to strike the offending portions rather than strike the entire pleading); *Rainmaker Capital of Chestnuthill, LLC v. Chestnuthill Township* (Pa. Cmwlth., No. 205 C.D. 2010, filed June 15, 2011) (recognizing court may simply decline to consider nonconforming paragraphs).[6]

Upon review, Petitioners' Answer does contain substantial unnumbered legal argument preceding the required numbered responses. Those pages are not paragraphs "divided into consecutively numbered paragraphs," as Rule 1022 requires. Nevertheless, Petitioners supplied complete, properly numbered responses to each of the POs, and Industry Intervenors have not identified any concrete prejudice impairing their ability to respond or brief the issues. Under well-settled

---

[6] Unreported memorandum opinions of this Court filed after January 15, 2008, may be cited for their persuasive value pursuant to Appellate Rule 126(b), Pa. R.A.P. 126(b), and Section 414(a) of the Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

practice, a formatting defect that causes no prejudice does not justify striking the entire pleading. Consistent with Pennsylvania practice and in the absence of demonstrated prejudice, we will strike and disregard the nonconforming introductory paragraphs of Petitioners' Answer. The numbered paragraph-by-paragraph responses that follow remain fully operative. We sustain this procedural PO in part and overrule it in part by striking only the offending portions of Petitioners' Answer to the POs.

## B. Subject Matter Jurisdiction – Untimely Appeal

Turning to the first substantive PO, Industry Intervenors seek dismissal of the Amended PFR based on lack of subject matter jurisdiction. *See* Pa.R.Civ.P. 1028(a)(1). Industry Intervenors contend that this action amounts to an untimely *de facto* appeal from the EQB's July 11, 2023 denial of Petitioners' rulemaking petition. According to Industry Intervenors, that denial constituted a final, appealable agency order that triggered the 30-day appeal deadline under Pa.R.A.P. 1512(a)(1). Because Petitioners did not file an appeal within that window, Industry Intervenors argue that Petitioners' appeal rights have expired and this Court lacks subject matter jurisdiction. Industry Intervenors further rely on Section 7541(c)(3) of the DJA, 42 Pa. C.S. §7541(c)(3), which bars declaratory relief in matters involving appeals from an agency order, and contend that Petitioners cannot circumvent this jurisdictional bar by framing their action as one for declaratory relief.

Petitioners and Agency Respondents respond that this challenge is not an agency appeal at all but a facial challenge to the constitutionality of Section 2 of Act 96. The gravamen of the Amended PFR is the legal invalidity of the statute itself—not any alleged error in the EQB's handling of Petitioners' rulemaking petition. They emphasize that, once Act 96 became law, the EQB lacked authority

8

not only to adjust the bond amounts but also to adjudicate the constitutional validity of Act 96. Only the judiciary may decide the constitutional validity of a statute. Further, the DJA expressly authorizes declaratory actions regarding "any question of . . . validity arising under a statute," and is to be liberally construed. And although other remedies may exist, the mere availability of an alternative procedure does not bar declaratory relief where the central issue is a statute's validity. Petitioners and Agency Respondents therefore maintain that this matter belongs in this Court's original jurisdiction, and Industry Intervenors' first PO should be denied.

POs challenging subject matter jurisdiction are governed by Civil Rule 1028(a)(1), Pa.R.Civ.P. 1028(a)(1). It is well settled that "the failure to file a timely appeal of an administrative agency's decision creates a jurisdictional defect." *R.H. v. Department of Human Services*, 205 A.3d 410, 415 (Pa. Cmwlth. 2019). However, this principle applies only where the action is, in fact, an appeal—not where, as here, a petitioner invokes this Court's original jurisdiction to challenge the constitutionality of a statute under the DJA.

Under Section 7533 of the DJA:

> Any person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder.

42 Pa. C.S. §7533. The DJA is intended "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered." Section 7541(a) of the DJA, 42

9

Pa. C.S. §7541(a). Declaratory relief is "additional and cumulative" to other available remedies. Section 7541(b) of the DJA, 42 Pa. C.S. §7541(b).

Section 7541(c) of the DJA provides exceptions to this rule. 42 Pa. C.S. §7541(c). Declaratory judgment is not available with respect to proceedings within the exclusive jurisdiction of an agency, or to matters involving an appeal from an order of a tribunal. 42 Pa. C.S. §7541(c)(2) and (3); *P.J.S. v. Pennsylvania State Ethics Commission*, 669 A.2d 1105, 1109 (Pa. Cmwlth. 1996). However, Pennsylvania courts have recognized that these exceptions do not bar declaratory relief when the action presents a constitutional challenge to a statute, including challenges to the scope or existence of agency authority. *East Lampeter Township v. County of Lancaster*, 696 A.2d 884, 887-88 (Pa. Cmwlth. 1997); *P.J.S.*, 669 A.2d at 1109; *see Allegheny Reproductive Health Center v. Pennsylvania Department of Human Services*, 309 A.3d 808, 847 (Pa. 2024) (reaffirming that determining the constitutionality of statutes is a judicial function, not an administrative one); *Lehman v. Pennsylvania State Police*, 839 A.2d 265, 274-81 (Pa. 2003) (holding that administrative agencies lack authority to determine the constitutionality of their enabling statutes and that such questions are reserved for the courts); *Empire Sanitary Landfill, Inc. v. Department of Environmental Resources*, 684 A.2d 1047, 1054-55 (Pa. 1996) (holding exhaustion not required where agency cannot grant the requested relief and noting that agencies lack jurisdiction to issue declaratory judgments concerning statutory constitutionality); *Borough of Green Tree v. Board of Property Assessments*, 328 A.2d 819, 825 (Pa. 1974) (explaining that facial constitutional challenges to statutes belong in the courts because administrative agencies cannot pass on the validity of statutes). As this Court has explained:

10

> When . . . challenges—particularly constitutional challenges—are set forth questioning the validity of a statute itself or questioning the scope of a governmental body's action pursuant to statutory authority, then the [DJA] is properly invoked, because "the existence of an alternative remedy shall not be a ground for refusal to proceed . . . ."

*P.J.S.*, 669 A.2d at 1109 (citations omitted).

Although the EQB's decision denying the rulemaking petition was final and appealable, Petitioners do not seek to overturn, revisit, or review that decision. Instead, they seek a declaration that Section 2 of Act 96 is unconstitutional—the very statutory change that removed the EQB's authority to grant the relief originally requested. Because administrative agencies cannot invalidate statutes, the EQB lacked authority to provide Petitioners the relief they now seek. A party cannot be required to pursue an administrative appeal where the agency has no authority to grant the relief at issue. Thus, Section 7541(c)(3)'s bar on declaratory actions involving "appeals from a tribunal" does not apply. There simply is no appeal here. Because Petitioners assert a facial constitutional challenge, properly within this Court's original jurisdiction, and they do not seek review of the EQB's action, the alleged untimeliness of any hypothetical appeal is irrelevant. Thus, we overrule this PO.[7]

---

[7] During oral argument, Agency Respondents relied on *Parker v. Department of Labor and Industry*, 540 A.2d 313 (Pa. Cmwlth. 1988), *aff'd*, 557 A.2d 1061 (Pa. 1989), despite not citing the case in their brief, and provided a hard copy to the Court. Industry Intervenors addressed *Parker* in a sur-reply brief filed with leave of Court. Upon review, we conclude that *Parker* does not alter our analysis. *Parker* concerned whether a separately filed declaratory judgment action constituted an impermissible collateral attack on pending administrative appeals under Section 7541(c)(3) of the DJA, 42 Pa. C.S. §7541(c)(3). We concluded that

**(Footnote continued on next page…)**

11

## C. Subject Matter Jurisdiction - Waiver of Constitutional Claim

Next, Industry Intervenors contend that Petitioners waived their constitutional challenge to Section 2 of Act 96 by failing to raise it during the EQB rulemaking proceeding. Industry Intervenors rely on Section 703(a) of the Administrative Agency Law, 2 Pa. C.S. §703(a), and Appellate Rule 1551(a), Pa.R.A.P. 1551(a), which restrict judicial review to issues raised before the agency. Industry Intervenors contend that Petitioners not only failed to present the issue to the EQB but affirmatively agreed that the EQB lacked authority under Act 96 to grant the relief requested.

Petitioners and Agency Respondents respond that Industry Intervenors' waiver theory depends entirely on treating this case as an appeal from the EQB's July 2023 denial of the rulemaking petition. Because this action is not an appeal, but a facial challenge to the constitutionality of Section 2 of Act 96, appellate waiver principles do not apply. They further argue that waiver does not apply because agencies cannot decide constitutional questions. A party is not required to raise constitutional issues before an agency that has no authority to address them. Even if this were an appeal, both Section 703(a) and Rule 1551(a)(1) expressly exempt

> the petitioners are not collaterally attacking the prior determinations of the . . . administrative tribunals that they were ineligible for benefits under [the statute]. Rather[,] they seek purely prospective relief in the form of a declaration that [the statute] and action taken thereunder is unconstitutional, justifying an injunction against future denial of benefits pursuant to said statute. Thus, the petition cannot be classified as a "disguised appeal" from the prior orders of the . . . administrative tribunals.

*Parker*, 540 A.2d at 319-20. Here, Petitioners have filed no parallel or pending administrative appeal, and this action does not seek review of, or relief from, the EQB's denial. Rather, Petitioners assert a direct facial constitutional challenge to the validity of Section 2 of Act 96—relief that lies squarely within this Court's original jurisdiction. Accordingly, *Parker* is materially distinguishable and does not affect our resolution of this jurisdictional objection.

12

challenges to the validity of a statute from any waiver bar. Petitioners' concession that the EQB lacked authority under Act 96 is entirely consistent with their position here—that Act 96 wrongfully removed that authority and is unconstitutional. Thus, the waiver PO should be denied.

Section 703(a) of the Administrative Agency Law states that a party "may not raise upon appeal any other question not raised before the agency." 2 Pa. C.S. §703(a). Similarly, Appellate Rule 1551(a) provides that "[n]o question shall be heard or considered by the court which was not raised before the government unit." Pa.R.A.P. 1551(a). It is well established that "[a]n issue not raised before the [administrative agency] will not be considered by this Court on appeal." *Domusimplicis, LLC v. Pennsylvania Liquor Control Board*, 202 A.3d 836, 844 (Pa. Cmwlth. 2019).

As discussed above, Petitioners' Amended PFR is not an appeal. Even if this action were treated as an appeal, both Section 703(a) of the Administrative Agency Law and Appellate Rule 1551(a)(1) expressly permit parties to raise challenges to the validity of a statute even if those challenges were not presented to the agency. 2 Pa. C.S. §703(a) (a party "shall not be precluded from questioning the validity of a statute" on appeal); Pa.R.A.P. 1551(a)(1) (exempting "questions involving the validity of a statute"). These express carveouts undercut Industry Intervenors' waiver theory. Although Industry Intervenors styled their second PO as "waiver," the argument is properly understood as invoking the doctrine of exhaustion of administrative remedies—*i.e.*, the assertion that Petitioners were required to present their constitutional objection to the EQB and exhaust that administrative process before seeking equitable relief in this Court.

"[I]t is well settled that when an adequate administrative remedy exists, this Court lacks jurisdiction to entertain a suit in either law or equity." *McNew v. East Marlborough Township*, 295 A.3d 1, 10 (Pa. Cmwlth. 2023) (citations and quotations omitted). "Thus, where an adequate administrative process is available, a party may not forgo that process in favor of seeking judicial relief." *Id*. (citation and quotations omitted). A party must first exhaust its administrative remedies before invoking this Court's jurisdiction in challenging a final agency adjudication. *Id*. "The courts must refrain from exercising equity jurisdiction when there exists an adequate statutory remedy." *East Coast Vapor, LLC v. Pennsylvania Department of Revenue*, 189 A.3d 504, 510 (Pa. Cmwlth. 2018) (citation and quotation omitted); *accord Empire Sanitary Landfill*, 684 A.2d at 1053.

"However, there are several exceptions to [the exhaustion] doctrine that, if applicable, would allow a petitioner to file a complaint in this Court's original jurisdiction under the [DJA]." *Pennsylvania Independent Oil & Gas Association v. Department of Environmental Protection*, 135 A.3d 1118, 1129 (Pa. Cmwlth. 2015). One of these exceptions is where the action presents a substantial constitutional challenge to a statute. *Empire Sanitary Landfill*, 684 A.2d at 1054; *East Coast Vapor*, 189 A.3d at 511. A substantial constitutional challenge is one that tests "the validity of the statute as a whole and not simply a challenge to the application of the statute to a particular party." *Cherry v. City of Philadelphia*, 692 A.2d 1082, 1084 (Pa. 1997); *East Coast Vapor*, 189 A.3d at 511. "In other words, there must be a facial or direct challenge to the statute, as opposed to an as-applied challenge." *East Coast Vapor*, 189 A.3d at 511.

As this Court has explained:

A facial attack tests a law's constitutionality based on its
text alone and does not consider the facts or circumstances

14

of a particular case. In contrast, an as-applied challenge does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right. An administrative agency cannot find its enabling legislation to be unconstitutional—only a court can do so. However, an agency can alter its interpretation of the statute to conform to constitutional principles. Thus, where a facial challenge to a statute is raised, the agency cannot provide an adequate remedy, unlike an as-applied challenge.

*East Coast Vapor*, 189 A.3d at 511 (quotations and citations omitted); *see also Lehman*, 839 A.2d at 276 (noting an agency may "interpret the statute it is charged with administering to avoid an unconstitutional application," but it may not invalidate the statute itself).

Another exception to the exhaustion doctrine occurs where an agency lacks authority or jurisdiction to grant the relief sought. *Empire Sanitary Landfill*, 684 A.2d at 1054. Administrative agencies do not "have the power to grant declaratory judgment and injunctive relief pursuant to the [DJA], . . . because only courts of record of the Commonwealth have that jurisdiction." *Id.* at 1055. Thus, where an agency lacks jurisdiction to provide the remedy requested, exhaustion is not required. *Id.*

Both these exceptions to the exhaustion doctrine apply here. The Amended PFR pleads, on its face, a direct constitutional challenge to Section 2 of Act 96, asserting that the statute violates the ERA and thereby unlawfully restricts the Agency Respondents' authority to adjust bond amounts. This is not an as-applied challenge. Moreover, Petitioners were not required to raise this facial constitutional issue before the EQB because the EQB lacked authority to adjudicate this constitutional question or to grant declaratory relief. Because the administrative

15

process could not have provided an adequate remedy, Petitioners' failure to raise the constitutional claim before the EQB does not bar this declaratory judgment action.

For these reasons, we conclude that Petitioners' failure to raise the constitutional claim before the EQB or otherwise exhaust this administrative remedy does not bar this declaratory judgment action. Therefore, we overrule this PO.

**D. Demurrer - Legal Insufficiency**

Lastly, Industry Intervenors demur on the basis that the Amended PFR is legally insufficient because Petitioners allegedly seek relief that would require this Court to direct how DEP exercises its enforcement discretion. According to Industry Intervenors, Petitioners' theory depends on the premise that DEP must change how and when it pursues bond forfeitures, including using them more aggressively as an enforcement tool. Bond forfeiture, Industry Intervenors argue, is a matter of enforcement discretion that courts cannot regulate. Thus, because the relief sought would purportedly require DEP to prioritize or mandate forfeiture decisions, Petitioners are effectively asking the Court to intrude upon executive enforcement authority. On this basis, Industry Intervenors contend that the Amended PFR fails to state a claim upon which relief may be granted and must be dismissed.

Petitioners and Agency Respondents respond that Industry Intervenors fundamentally misread the Amended PFR. Petitioners emphasize that they do not seek to direct DEP enforcement practices and have not requested any order compelling DEP to pursue, increase, or modify bond forfeitures. Rather, Petitioners' requested relief is narrow and precise -- a declaration that Section 2 of Act 96 is unconstitutional because it removes Agency Respondents' prior authority to adjust bond amounts. The Amended PFR expressly states that Petitioners "do not seek to compel any action from [Agency] Respondents beyond what would necessarily

16

follow from a determination that those provisions are unconstitutional." Amended PFR, ¶168. Any future agency action would remain entirely discretionary and would not be compelled by the Court.

Upon review, Industry Intervenors' demurrer fails because it mischaracterizes the nature of the action. As pled, Petitioners ask this Court only to declare Section 2 of Act 96 unconstitutional. They do not seek enforcement directives, judicial supervision of agency activity, or appellate review of an agency action. Their requested relief is purely declaratory, not coercive. If the Court were to declare Section 2 unconstitutional, Agency Respondents would simply regain their former statutory authority to adjust bond amounts. Whether, when, or how they exercise that authority would remain fully within agency discretion. The Amended PFR does not seek—and would not authorize—the Court to require DEP to undertake any enforcement activity or to alter existing enforcement priorities. Because Petitioners' claim challenges the validity of a statute and does not seek to control DEP enforcement, the legal-sufficiency objection does not apply. We, therefore, overrule the demurrer.

## IV. Conclusion

Accordingly, we sustain in part and overrule in part Industry Intervenors' procedural PO by striking only the nonconforming portions of Petitioners' Answer to the POs and otherwise overrule all substantive POs.

_____
MICHAEL H. WOJCIK, Judge

17

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clean Air Council, Earthworks,　　　　　:
Citizens for Pennsylvania's Future,　　　:
Protect PT, and Sierra Club,　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Petitioners　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　v.　　　　　　　　　　　: No. 379 M.D. 2023
　　　　　　　　　　　　　　　　　　:
Commonwealth of Pennsylvania,　　　　　:
General Assembly of the Commonwealth　:
of Pennsylvania, Department of　　　　　:
Environmental Protection, Environmental　:
Quality Board, and Jessica Shirley in　　　:
Her Official Capacities as Interim　　　　:
Acting Secretary of the Department　　　:
of Environmental Protection and　　　　　:
Chair of the Environmental Quality Board,　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Respondents　　:

# **O R D E R**

AND NOW, this 7<u>th</u> day of <u>April</u>, 2026, Industry Intervenors'[1] substantive Preliminary Objections to Petitioners' Amended Petition for Review in the Nature of an Action for Declaratory Relief, which were accepted as filed on July 8, 2024, are OVERRULED, and the procedural Preliminary Objection to Petitioners' Answer to the Preliminary Objections, filed on May 13, 2024, is SUSTAINED IN PART and OVERRULED IN PART; the nonconforming portions of Petitioners' Answer to the Preliminary Objections are hereby stricken.

_____
MICHAEL H. WOJCIK, Judge

---

[1] Industry Intervenors are Pennsylvania Independent Oil & Gas Association, Pennsylvania Independent Petroleum Producers Association, and Pennsylvania Grade Crude Oil Coalition.