603 A.2d 288

ZINC CORPORATION OF AMERICA, Petitioner,

v.

DEPARTMENT OF ENVIRONMENTAL
RESOURCES, Respondent.

Commonwealth Court of Pennsylvania.

Argued June 10, 1991.

Decided Feb. 3, 1992.

Reargument Denied March 4, 1992.

Paul E. Gutermann, for petitioner.

Roger E. Kluck, for respondent.

Before SMITH and PELLEGRINI, JJ., and BARBIERI, Senior Judge.

SMITH, Judge.

Before this Court are preliminary objections filed by the Department of Environmental Resources (Department) to Zinc Corporation of America's (Zinc) petition for review in the nature of an appeal and a complaint for declaratory judgment. For the following reasons, the preliminary objections are sustained and the petition is dismissed.

The petition seeks to invoke this Court's original jurisdiction pursuant to Section 761 of the Judicial Code, *as amended*, 42 Pa.C.S. § 761, and appellate jurisdiction pursuant to Section 763 of the Judicial Code, *as amended*, 42 Pa.C.S. § 763, to review what Zinc characterizes as the Depart-

ment's determination that a recently-promulgated federal regulation will take effect under Pennsylvania law without further action by the Commonwealth of Pennsylvania. Thus, Zinc's petition is in the nature of a pre-enforcement challenge to the validity of a Pennsylvania regulation. Zinc argues that pre-enforcement review is necessary because the Department's determination is erroneous; Zinc has no adequate statutory remedy; and, Zinc has and continues to suffer direct and immediate harm from the determination.

The Department preliminarily objects to the petition for review asserting that this Court lacks appellate jurisdiction[1] and that Zinc failed to state a claim for which relief may be granted in this Court's original jurisdiction.[2] The Department also moves for a more specific pleading. Since this Court finds that it lacks jurisdiction, it will decline to address whether Zinc stated a claim for which relief may be granted and the motion for more specific pleading.

This case arises from uncertainty about the relationship of a federal regulatory amendment to a corresponding state hazardous waste regulation. The United States Environmental Protection Agency narrowed a regulatory exclusion for mining wastes (de-Bevill regulation). Mining Waste Exclusion, 54 Fed.Reg. 36,592 (1989) (to be codified at 40 C.F.R. pt. 261). The de-Bevill regulation became effective on March 1, 1990 in states not authorized under the Re-

---

1. The Department filed its preliminary objections pursuant to Pa. R.A.P. 1516 and 1517 and Pa.R.C.P. No. 1017 and 1509. In the interest of judicial efficiency and administration, this Court will treat the Department's preliminary objections challenging this Court's appellate jurisdiction as a motion to quash the appellate portion of the petition for review. *See Pennsylvania Dental Association v. Insurance Department,* 92 Pa.Commonwealth Ct. 77, 498 A.2d 990 (1985), *aff'd on other grounds and appeal dismissed,* 512 Pa. 217, 516 A.2d 647, *appeal dismissed,* 512 Pa. 234, 516 A.2d 656 (1986).

2. When reviewing preliminary objections, all well-pled facts which are material and relevant must be considered as true. *Grand Central Sanitary Landfill, Inc. v. Department of Environmental Resources,* 123 Pa.Commonwealth Ct. 498, 554 A.2d 182 (1989). Preliminary objections shall be sustained only when they are clear and free from doubt. *Id.*

source Conservation and Recovery Act (RCRA)[3] to manage their own hazardous waste programs. 54 Fed.Reg. at 36,-632 (1989). Pennsylvania, however, is authorized to manage its own hazardous waste program[4] which includes promulgating and enforcing regulations which are consistent with and equivalent to the federal program. *See* 42 U.S.C. § 6926(b) and 40 C.F.R. § 271.4 (1983). In Pennsylvania, it is the Environmental Quality Board (Board) which has the authority to adopt rules, regulations, criteria and standards of the Department to accomplish the purposes and carry out provisions of the Solid Waste Management Act, Act of July 7, 1980, P.L. 380, *as amended,* 35 P.S. §§ 6018.101–6018.1003. The Board has not amended the Pennsylvania hazardous waste regulations to reflect the de-Bevill regulation. *See* 25 Pa.Code § 261.4.[5]

Solid wastes managed at Zinc's facility are not considered hazardous waste pursuant to 25 Pa.Code § 261.4(13). However, the wastes are considered hazardous waste under the de-Bevill regulation. Zinc does not dispute that it will become subject to regulation as an interim status facility on the date the de-Bevill regulation takes effect in Pennsylvania. By letter dated February 11, 1991, the Department, responding to Zinc's inquiry about the date the de-Bevill regulation will take effect in Pennsylvania, informed Zinc that the Department interprets 25 Pa.Code § 261.4 to automatically incorporate by reference the federal de-Bevill waste exclusion thus making it effective in Pennsylvania on

**3.** 42 U.S.C. § 6901 *et seq.*

**4.** 40 C.F.R. § 272 (1986).

**5.** 25 Pa.Code § 261.4 provides in pertinent part:
The following solid wastes are specifically excluded as hazardous wastes:
. . . .
(13) Solid waste generated from the extraction, beneficiation and processing of ores and minerals (including coal), including phosphate rock and overburden from the mining of uranium ore. . . .
. . . .
(18) Waste included as an exclusion under 40 C.F.R. § 261.4 (relating to exclusions) after December 31, 1984, is incorporated by reference and effective on the date established by the Federal regulations unless otherwise established in this title.

March 1, 1990. Therefore, the issues before this Court are whether this Court has original jurisdiction in equity to consider the validity of the Department's interpretation of 25 Pa.Code § 261.4; and, whether this Court has appellate jurisdiction to consider this matter.

Zinc correctly argues that this Court may invoke original equitable jurisdiction in a case seeking pre-enforcement review of a substantial challenge to the validity of regulations promulgated by an administrative agency. *Arsenal Coal Co. v. Department of Environmental Resources*, 505 Pa. 198, 477 A.2d 1333 (1984). Zinc also correctly argues that the Environmental Hearing Board clearly does not have authority to entertain a pre-enforcement review action. *Id.*, 505 Pa. at 208–9, 477 A.2d at 1339. However, in order for a challenge to be justiciable in this Court, there must be a promulgation of regulations the effect of which is direct and immediate. *Id.*

In the matter *sub judice*, Zinc has not alleged in its petition that the Department has taken or proposed any action against it which would give rise to a justiciable claim. This is not a case wherein the Department has clearly announced its intention to enforce an allegedly invalid regulation against Zinc or the entire mineral processing industry. *See Benjamin Coal Co. v. Department of Environmental Resources*, 100 Pa.Commonwealth Ct. 1, 513 A.2d 1120 (1986). Nor does Zinc allege that the Board, the body authorized to promulgate regulations, has taken any action regarding the de-Bevill regulations which is applicable to the entire mineral processing industry. *Arsenal*. In *Arsenal*, fifty-five coal operators challenged the validity of a regulatory scheme the Board promulgated which was applicable to their industry and the effect of which would have been direct and immediate. Here, the Board has not promulgated any regulations and the Department has not acted to enforce its interpretation of a regulation. Further, this is not a case wherein the Department's inaction is causing Zinc detriment. *See Marinari v. Department of Environ-*

*mental Resources,* 129 Pa.Commonwealth Ct. 569, 566 A.2d 385 (1989).

Thus, in the absence of anything more than the Department's general interpretation of the relationship between the federal and state regulations and Zinc's anticipation of enforcement of this interpretation, this Court finds that there .is no action or determination giving rise to a justiciable case or controversy invoking original equitable or appellate jurisdiction within this Court.[6] *Neshaminy Water Resources Authority v. Department of Environmental Resources,* 511 Pa. 334, 513 A.2d 979 (1986); *Grand Central Sanitary Landfill, Inc. v. Department of Environmental Resources,* 123 Pa.Commonwealth Ct. 498, 554 A.2d 182 (1989). Accordingly, the preliminary objections are sustained and the petition for review in the nature of an appeal and a complaint for declaratory judgment is dismissed.

## ORDER

AND NOW, this 3rd day of February, 1992, the preliminary objections of the Department of Environmental Resources are sustained, and Zinc Corporation of America's petition for review is hereby dismissed.

---

6. Only where there is a real controversy may a party obtain a declaratory judgment. *Gulnac v. South Butler County School Dist.,* 526 Pa. 483, 587 A.2d 699 (1991).