IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Political Prisoner                :
(a/k/a Alton D. Brown),        :
              Petitioner     :
                                  :
          v.                :      No. 4 M.D. 2022
                                  :      Submitted: March 31, 2023
Pennsylvania Department        :
of Corrections; and Secretary    :
of Pa. DOC,                    :
              Respondents    :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT             FILED:  June 15, 2023


Political Prisoner, also known as Alton D. Brown (Brown or Petitioner), *pro se*, has filed a petition for review in the nature of a mandamus and declaratory judgment action and also appeals a decision of the Pennsylvania Department of Corrections and the Secretary of Corrections (collectively, Department). Brown's petition seeks to reverse the Department's decision to place him on grievance restriction[1] and a declaration that the Department must follow its applicable regulation and policy when reviewing his grievances. The Department

---

[1] A grievance restriction limits the number and frequency of grievances that an inmate may file. *See* DC-ADM 804, Inmate Grievance System Procedures Manual, Glossary of Terms. The Department's policy is accessible online at the following URL: https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/804%20Inmate%20Grievan ces.pdf (last visited June 15, 2023).

seeks a dismissal of Brown's petition for its failure to state a claim and this Court's lack of jurisdiction. For the reasons set forth below, we dismiss the petition for review.

Brown's petition alleges that the Department has "a practice of barring [] Petitioner from the Pa. DOC Grievance process," set forth in 37 Pa. Code §93.9[2] and DC-ADM 804. Petition ¶4. Brown avers that he was placed on grievance restriction 11 times between August 2015 and December 2021. Most recently, he was placed on grievance restriction from September 17, 2021, to December 16, 2021, for the stated reason that he had submitted 5 "frivolous" grievances within a 30-day period. *Id*. "The grievances were classified as frivolous because: 'statements made in the grievances [were] not supported by the facts.'" *Id*. ¶7. Brown avers that the Department has created its "own definition" of "frivolous," which is a grievance "in which the involved staff denies Petitioner's claims." *Id*. ¶18. The petition asserts that this definition is contrary to Department Policy DC-ADM 804, which defines "frivolous grievance" as one where the "allegations or the relief sought lack any arguable basis in law, fact and/or policy." DC-ADM 804, Glossary of Terms.

Brown's petition alleges that his most recent grievance restriction arose from medical matters that were not frivolous. He filed Grievance No. 941529 when prison medical staff falsely claimed that he had refused medical treatment for Hepatitis C. Grievance No. 945872 challenged the prison's decision to cut his diet bag. Grievance No. 944146 challenged a decision by prison medical staff that his request for better bedding was not a medical matter. Grievance No. 942996 challenged a recommendation of prison medical staff that he do balancing exercises and crossword puzzles to treat his memory loss.

---

[2] The text of 37 Pa. Code §93.9 is set forth, *infra*, in the text of this Opinion.

Brown's petition alleges that the Department rejects all grievances based on so-called conspiracies whenever "they involve multiple issues (two or more)." Petition ¶15. Brown had approximately 30 grievances rejected by the Department as conspiracies because they involved multiple staff members.

The petition alleges that because of Brown's serious medical conditions, the "quickest way [for him] to obtain medical relief" is by filing a grievance under DC-ADM 804. *Id*. ¶30. By placing him on grievance restriction, the Department has prevented him from "officially exp[loring] and obtaining relief from racist, corrupt, sadistic, and retaliatory attacks from staff," which Brown alleges "is pretty much continuously and well organized." *Id*. ¶¶6, 8.

Brown seeks to have this Court reverse the Department's determination to place him on grievance restriction. He also seeks a declaration that he "is entitled to [the] full and complete protections" of the Department's grievance system established in 37 Pa. Code §93.9 and DC-ADM 804. Petition at 11.

The Department seeks a dismissal of Brown's petition for review.[3] In support, the Department contends that this Court lacks appellate jurisdiction over its grievance decisions because they are not adjudications; the petition does not state a claim based upon 37 Pa. Code §93.9 or DC-ADM 804; the Department's adverse grievance decision does not state a federal civil rights claim; and finally, the petition does not state a cause of action under Section 1983 of the Federal Civil Rights Act[4] against either the Secretary or the Department of Corrections.

---

[3] No pleading, including a preliminary objection, can be filed in response to an appellate petition for review. PA.R.A.P 1516(a). In the interest of judicial economy, the court will treat the Department's challenge to this Court's appellate jurisdiction as a motion to quash the appellate portion of the petition for review. *See Zinc Corporation of America v. Department of Environmental Resources*, 603 A.2d 288, 289 n.1 (Pa. Cmwlth. 1992).

[4] 42 U.S.C. §1983.

"The question presented in a demurrer is whether, on the facts averred, the law indicates with certainty that no recovery is possible." *Stilp v. General Assembly*, 974 A.2d 491, 494 (Pa. 2009). In ruling on preliminary objections in the nature of a demurrer, this Court must consider as true all well-pleaded material facts set forth in the petition and all reasonable inferences that may be drawn from those facts. *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). We "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.* To sustain preliminary objections, "it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them." *Id.* "When ruling on a demurrer, a court must confine its analysis to the [petition for review]." *Id.* "Thus, the court may determine only whether, on the basis of the [petitioner's] allegations, he or she possesses a cause of action recognized at law." *Fraternal Order of Police Lodge No. 5 by McNesby v. City of Philadelphia*, 267 A.3d 531, 541 (Pa. Cmwlth. 2021).

We begin with a review of the Department's grievance regulation. It states, in relevant part, as follows:

> The Department will maintain an inmate grievance system which will permit any inmate to seek review of problems which the inmate experiences during the course of confinement. The system will provide for review and resolution of inmate grievances at the most decentralized level possible. It will also provide for review of the initial decision making and for possible appeal to the Central Office of the Department. An inmate will not be disciplined for the good faith use of the grievance systems. However, an inmate who submits a grievance for review which is false, frivolous or malicious may be subject to appropriate disciplinary procedures. *A frivolous grievance is one in which the allegations or the relief sought lack any arguable basis in fact as set forth in DC-ADM 804--Inmate Grievance System*, which is disseminated to inmates.

4

37 Pa. Code §93.9(a) (emphasis added). DC-ADM 804, in turn, provides that "[a]n inmate who has filed five grievances within a 30-day period which have been determined to be frivolous may be placed on grievance restriction." DC-ADM 804, §3(A)(1). An inmate on grievance restriction is permitted to file one grievance every 15 working days. An inmate may appeal the placement on grievance restriction to the facility manager within 15 working days, and the facility manager then has 15 working days to notify the inmate of his decision. DC-ADM 804, §§3(B)(1)(a), 3(B)(c). Thereafter, the inmate may appeal the facility manager's decision to Final Review by the Secretary's Office of Inmate Grievances and Appeals. DC-ADM 804, §3(C).

With this background, we turn to the Department's request that we dismiss Brown's petition for review.

First, the Department argues that this Court lacks jurisdiction to consider an appeal of a grievance decision. Brown responds that decisions to restrict access to the prison's grievance system "constitute adjudications, sufficient to invoke this Court's Jurisdiction (Appellate)." Brown Brief at 4 (emphasis in original). Brown is mistaken.

It is settled that "[i]nmate misconducts are a matter of internal prison management and, thus, do not constitute adjudications subject to appellate review." *Hill v. Department of Corrections*, 64 A.3d 1159, 1167 (Pa. Cmwlth. 2013). As our Supreme Court explained in *Bronson v. Central Office Review Committee*, 721 A.2d 357, 358-59 (Pa. 1998) (internal citations and quotations omitted):

> Unlike the criminal trial and appeals process where a defendant is accorded the full spectrum of rights and protections guaranteed by the state and federal constitutions, and which is necessarily within the ambit of the judiciary, the procedures for pursuing inmate grievances and misconduct appeals are a matter of

5

internal prison administration and the full panoply of rights due a defendant in a criminal prosecution is not necessary in a prison disciplinary proceeding. Therefore, the [C]ommonwealth [C]ourt does not have appellate jurisdiction, under 42 Pa. C.S §763, over inmate appeals of decisions by intra-prison disciplinary tribunals.

Simply, this Court lacks appellate jurisdiction to review the merits of the Department's decision on a grievance or grievance restriction. Accordingly, we will quash the portion of Brown's petition addressed to this Court's appellate jurisdiction.

Second, the Department argues that the petition for review does not state a mandamus claim because the Department's regulations and 37 Pa. Code §93.9 do not create legal rights that can be enforced in a court of law. Brown responds that the Department's "deviation from standard prison policy" when reviewing his grievances has hindered his access to the grievance system provided for in 37 Pa. Code §93.9 and DC-ADM 804. Brown Brief at 4-5.

Mandamus is an extraordinary remedy used to compel the performance of a ministerial act or mandatory duty where a petitioner establishes (1) a clear legal right to relief, (2) a corresponding duty in the respondent, and (3) a lack of any other adequate and appropriate remedy at law. *Tindell v. Department of Corrections*, 87 A.3d 1029, 1034 (Pa. Cmwlth. 2014). A mandamus action cannot be the vehicle to establish legal rights or to compel the exercise of an agency's discretion in a particular way. Rather, it is used to enforce rights that have been clearly established. *Id*.

Brown's petition challenges the Department's placement of Brown on grievance restriction. This Court has held that, "[i]n general, allegations that the Department failed to follow its regulations or internal policies cannot support a claim based upon a vested right or duty because these administrative rules and regulations,

6

unlike statutory provisions, usually do not create rights in prison inmates." *Shore v. Pennsylvania Department of Corrections*, 168 A.3d 374, 386 (Pa. Cmwlth. 2017). *See also Rawlings v. Wetzel* (Pa. Cmwlth., No. 562 M.D. 2016, filed October 20, 2017), slip op. at 7 (unreported)[5] ("[A] failure to comply with prison policy is not a basis for a cause of action."); *Dantzler v. Wetzel*, 218 A.3d 519, 524 (Pa. Cmwlth. 2019) (a failure to comply with prison policy does not create a cause of action). In sum, whether the Department may have erred in holding that Brown's grievances were frivolous cannot be addressed to a court of law under any legal theory.

Further, the Department's decision on a grievance requires the exercise of discretion. *Small v. Horn*, 722 A.2d 664, 670 (Pa. 1998). Mandamus is not available to review the way an agency or public official has exercised discretion. Accordingly, the Department's decisions under DC-ADM 804 cannot be reviewed in a mandamus action.

In sum, neither the regulation at 37 Pa. Code §93.9 nor the policy at DC-ADM 804 creates legally enforceable rights, and the Department's exercise of discretion in a particular manner cannot be compelled by a writ of mandamus. For these reasons, we sustain the Department's demurrer to Brown's mandamus claim.

Finally, as to Brown's request for a declaratory judgment that the Department acted contrary to its own regulation, the Department repeats its position that 37 Pa. Code §93.9 and DC-ADM 804 do not create rights that inmates can enforce in a court of law. Brown responds that the grievance system is unconstitutional as implemented, arguing that he is entitled to "complete and

---

[5] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

7

adequate/impartial investigations into his complaints" and a fair adjudication of all past grievances that have been denied or deemed frivolous. Petition, Relief Sought.

The Declaratory Judgments Act, 42 Pa. C.S. §§7531-7541, authorizes Pennsylvania courts to "declare rights, status, and other legal relations whether or not further relief is or could be claimed." 42 Pa. C.S. §7532. The petitioner "must allege an interest which is direct, substantial and present, and must demonstrate the existence of an actual controversy related to the invasion or threatened invasion of [his] legal rights." *Waslow v. Pennsylvania Department of Education*, 984 A.2d 575, 580 (Pa. Cmwlth. 2009). Brown's petition for review rests on the alleged violations of 37 Pa. Code §93.9 and DC-ADM 804, which have not created enforceable rights in inmates. *Bullock v. Horn*, 720 A.2d 1079, 1082 n.6 (Pa. Cmwlth. 1998). As such, there is no legal interest that can sustain a declaratory judgment action.[6]

For the foregoing reasons, we sustain the Department's preliminary objections in the nature of a demurrer and dismiss Brown's petition for review.

_____
MARY HANNAH LEAVITT, President Judge Emerita

Judge Fizzano Cannon did not participate in the decision in this case.

---

[6] The Department also argues that Brown should not be granted leave to amend his petition for review. Violations of grievance procedures do not give rise to a cognizable claim under 42 U.S.C. §1983 because the Department of Corrections is not a person, and the Secretary is not personally involved. Department Brief at 9. Brown, however, does not request leave to amend his petition in either his answer to the Department's preliminary objections or in his brief. Notwithstanding, the filing of an amended petition for review could not remedy the deficiencies here.

8

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Political Prisoner          :
(a/k/a Alton D. Brown),     :
           Petitioner      :
                        :
         v.               :    No. 4 M.D. 2022
                        :
Pennsylvania Department     :
of Corrections; and Secretary   :
of Pa. DOC,               :
           Respondents    :

# **O R D E R**

AND NOW, this 15th day of June, 2023, the preliminary objections and motion to quash appeal filed by the Pennsylvania Department of Corrections and Secretary of Corrections are SUSTAINED and GRANTED. The petition for review filed by Political Prisoner (a/k/a Alton D. Brown) is DISMISSED.

_____
MARY HANNAH LEAVITT, President Judge Emerita