IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Political Prisoner #DL4686 a/k/a :
Alton D. Brown, :
     Petitioner :
         :
   v.      :  No. 99 M.D. 2022
         :  Submitted: April 14, 2023
George M. Little, Secretary of :
the Pa. DOC and Z.J. Moslak, :
     Respondents :

BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE ELLEN CEISLER, Judge
     HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT     FILED: August 1, 2023


    Alton D. Brown, an inmate currently incarcerated at the State Correctional Institution at Fayette, has filed a petition for review in the nature of a mandamus and declaratory judgment action against the Secretary of Corrections, George M. Little, and the Chief Hearing Examiner for the Pennsylvania Department of Corrections (Department), Zachery J. Moslak (collectively, Respondents). Brown asserts, *inter alia*, that Respondents violated the Department's rules and regulations and denied his right to due process during his disciplinary proceedings. In response, Respondents have filed preliminary objections, demurring to the petition for review and challenging our jurisdiction to consider this matter. We sustain in part and overrule in part Respondents' preliminary objections.

# I. Petition for Review

Brown's petition for review alleges that since 1997, Brown has been in solitary confinement in the Department's restrictive housing units. To justify Brown's continued solitary confinement, Respondents adopted a practice of disciplining Brown for his emotional breakdowns caused by his chronic depression and anxiety. The petition alleges that Respondents and their employees "set [Brown] up" for his most recent misconduct report, No. D403446, by "playing games with his cancer pain medication (oxycodone and methadone)." Petition for Review at 3, ¶10. After a nurse failed to give Brown pain medication, she screamed at him and issued a misconduct report as a result of his verbal attack on her conduct. Petition at 4, ¶10. The petition alleges that Brown's "outbursts were a result of his emotional disabilities, which were intentionally aggravated[.]" *Id.*

The petition also alleges that a prior misconduct report for sexual assault, using abusive language and refusing to obey orders, No. D468380, was issued in retaliation for Brown's filing of a sexual harassment complaint against a staff member. Petition at 5, ¶12. The misconduct report was issued on the same day that Brown's disciplinary sentence for another charge expired, which had been issued by the same officer. Moreover, the petition alleges, the misconduct charge was issued "in an attempt to cover up the assault on [Brown] with chemical agents," which Respondents did not investigate. *Id.* Brown asserts that the hearing examiner refused to consider his evidence or view relevant videotape footage at the disciplinary hearing. Petition at 10, ¶19.

Under the subheading "appellate jurisdiction," the petition alleges that on February 2, 2021, Brown was issued a misconduct report, No. D468367, for threatening a correctional officer, "who had been attacking him for years for an

unknown reason." Petition at 7, ¶16. The misconduct report omitted "crucial facts" for retaliation, which failed to give Brown "advance notice" to properly defend himself. Petition at 8, ¶17. The hearing examiner again refused to view videotape footage at the hearing. The petition alleges that the misconduct proceeding was retaliatory against Brown for filing of grievances and civil complaints against the correctional officer's supervisor.

The petition further alleges that when Brown attempted to appeal the determinations on the misconduct charges Nos. D468367 and D468380, Moslak, the Department's chief hearing examiner, avoided addressing these appeals by falsely asserting that Brown failed to supply supporting documents. Petition, Exhibit B. The petition asserts that Respondents used the misconduct proceedings to punish Brown for his "litigious and iconoclastic behaviors." Petition at 6, ¶13. The misconduct charges were filed after Brown "was given notice that he would be released to open population within 90 days if he maintained misconduct free[,]" despite that Brown had been "misconduct free for a few years[.]" Petition at 6, ¶15. Without the "population status," Brown was unable to receive the medical care needed to treat his illness. Petition at 11, ¶21(iii).

The petition asks that this Court enter a declaratory judgment that Respondents violated the Department's regulations and internal policies during Brown's disciplinary proceedings; reverse the misconduct determinations that do not comply with the Department's disciplinary procedures; and require that the misconduct charges be removed from Brown's records. Petition at 15-16.

## II. Preliminary Objections

In response, Respondents filed preliminary objections. First, they argue that this Court cannot exercise either appellate or original jurisdiction over internal prison disciplinary matters.[1] Second, Respondents demur to Brown's claims, contending that he did not have a legally cognizable liberty interest under the Department regulations and, thus, was not entitled to due process at the misconduct hearing. Brown also cannot state a federal civil rights retaliation claim against Respondents because they were not personally involved in the issuance of the misconducts. Further, Brown's request for a writ of mandamus is inappropriate because Brown does not have a clear legal right to compel the removal of the misconduct charges from his record.

## III. Analysis

"[T]he question presented in a demurrer is whether, on the facts averred, the law indicates with certainty that no recovery is possible." *Stilp v. General Assembly*, 974 A.2d 491, 494 (Pa. 2009). In ruling on preliminary objections in the nature of a demurrer, this Court must consider as true all well-pleaded material facts set forth in the petition and all reasonable inferences that may be drawn from those facts. *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). We "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id*. To sustain preliminary objections, "it must appear with certainty that the law will not permit

---

[1] No answer or other pleading, including a preliminary objection, can be filed in response to an appellate petition for review. PA.R.A.P 1516(a). In the interest of judicial economy, the Court will treat Respondents' challenge to its appellate jurisdiction as a motion to quash the appellate portion of the petition for review. *See Zinc Corporation of America v. Department of Environmental Resources*, 603 A.2d 288, 289 n.1 (Pa. Cmwlth. 1992).

4

recovery, and any doubt should be resolved by a refusal to sustain them." *Id.* "When ruling on a demurrer, a court must confine its analysis to the complaint." *Id.* "Thus, the court may determine only whether, on the basis of the plaintiff's allegations, he or she possesses a cause of action recognized at law." *Fraternal Order of Police Lodge No. 5 by McNesby v. City of Philadelphia*, 267 A.3d 531, 541 (Pa. Cmwlth. 2021).

We begin with a review of the Department's regulation on inmate discipline. It states, in relevant part, as follows:

> (b) Written procedures which conform to established principles of law for inmate discipline including the following will be maintained by the Department and disseminated to the inmate population:
>
>> (1) Written notice of charges.
>>
>> (2) Hearing before an impartial hearing examiner or an informal resolution process for charges specified by the Department in the *Department of Corrections Inmate Handbook,* or any Department document that is disseminated to inmates. The informal resolution process is described in DC-ADM 801--Inmate Discipline. The process gives inmates the option to meet with staff to resolve a misconduct rather than proceed with a hearing.
>>
>> (3) *Opportunity for the inmate to tell his story and to present relevant evidence.*
>>
>> (4) *Assistance from an inmate or staff member at the hearing if the inmate is unable to collect and present evidence effectively.*
>>
>> (5) Written statement of the decision and reasoning of the hearing body, based upon the preponderance of the evidence.
>>
>> (6) *Opportunities to appeal the misconduct decision in accordance with procedures in the Department of Corrections Inmate Handbook.*

5

37 Pa. Code §93.10(b) (emphasis added).

The Department's policy, DC-ADM 801, provides, in turn, that an inmate who has been found guilty of misconduct charges may appeal to the Program Review Committee for initial review, to the facility manager or designee for secondary review, and to the chief hearing examiner for final review. Relevant here, Section 5.C. of DC-ADM 801 states as follows:

> C. Final Appeal-Chief Hearing Examiner
>
> * * * *
>
> 3. The inmate may appeal the decision of the Facility Manager/designee within seven calendar days of the receipt of the Facility Manager/designee's decision[.]
>
> 4. An inmate who appeals his/her misconduct for final review shall provide the Chief Hearing Examiner's Office with a brief statement of the facts relevant to the appeal and issues complained of on appeal by using the **DC-141, Part 2(E)** *and accompanied by the documents specified in Subsection C.5. below or available documentation relevant to the appeal.* The requirements of **Subsections A.2.-6**. above shall also apply to the Final Level of Appeal. An appeal to this level may be rejected for the inmate's failure to comply with the requirements of **Subsections A.2.-6**. Above[.]

DC-ADM 801, Inmate Discipline Procedures Manual, Section 5.C. (emphasis added) (highlighting in original) (https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/801%20Inmate%20Discipline.pdf) (last visited July 31, 2023).

### A. Appellate Jurisdiction

We first consider Respondents' argument that this Court lacks appellate jurisdiction to consider Brown's petition. Specifically, "[i]nmate misconducts are a

6

matter of internal prison management and, thus, do not constitute adjudications subject to appellate review." *Hill v. Department of Corrections*, 64 A.3d 1159, 1167 (Pa. Cmwlth. 2013). As our Supreme Court explained in *Bronson v. Central Office Review Committee*, 721 A.2d 357, 358-59 (Pa. 1998) (internal citations and quotations omitted):

> Unlike the criminal trial and appeals process where a defendant is accorded the full spectrum of rights and protections guaranteed by the state and federal constitutions, and which is necessarily within the ambit of the judiciary, the procedures for pursuing inmate grievances and misconduct appeals are a matter of internal prison administration and the full panoply of rights due a defendant in a criminal prosecution is not necessary in a prison disciplinary proceeding…. Therefore, the [C]ommonwealth [C]ourt does not have appellate jurisdiction, under 42 Pa. C.S §763, over inmate appeals of decisions by intra-prison disciplinary tribunals.

Simply, this Court lacks appellate jurisdiction to review the merits of the Department's decision on inmate discipline. Accordingly, we will quash the portion of Brown's petition addressed to this Court's appellate jurisdiction.

## B. Original Jurisdiction

As to the viability of Brown's suit in this Court's original jurisdiction, the Department's decisions regarding inmate misconducts generally fall outside the scope of our original jurisdiction, even where a prisoner's constitutional rights were allegedly violated. "Prison inmates do not enjoy the same level of constitutional protections afforded to non-incarcerated citizens." *Bronson*, 721 A.2d at 359. Indeed, "incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal

system." *Robson v. Biester*, 420 A.2d 9, 13 (Pa. Cmwlth. 1980) (quoting *Price v. Johnston*, 334 U.S. 266, 285 (1948)).

Nevertheless, "[t]here is a narrow exception if an inmate can identify a personal or property interest not limited by [Department] regulations and affected by a final [Department] decision. . . . If one of these interests is involved, the inmate is entitled to notice and an opportunity to be heard." *Hill*, 64 A.3d at 1167 (citation omitted).

In *Williams v. Wetzel*, 232 A.3d 652 (Pa. 2020), an inmate commenced a mandamus action in this Court's original jurisdiction, alleging that he was removed from his prison job assignment without due process, as required under 37 Pa. Code §93.10. This Court granted summary declaratory and injunctive relief and directed the Department to comply with the regulation's procedural requirements. Our Supreme Court reversed and remanded, holding that this Court lacked original jurisdiction if an inmate does not assert a constitutionally protected liberty or property interest. The Supreme Court held that "inmates have no constitutionally protected interest in maintaining prison employment." *Williams*, 232 A.3d at 654.

In *Commonwealth ex rel. Jackson v. Wetzel* (Pa. Cmwlth., No. 47 M.D. 2017, filed June 13, 2018) (unreported),[2] an inmate filed a mandamus action alleging that the Department violated its policy DC-ADM 801 and regulation at 37 Pa. Code §93.10 by denying him permission to call a second witness to testify at his misconduct hearing. The inmate sought an order of this Court compelling the Department to provide him with an opportunity to be heard and present evidence in

---

[2] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

accordance with the requirements of 37 Pa. Code §93.10 and the Department's internal policies. The Department filed preliminary objections arguing, *inter alia*, that this Court lacked original jurisdiction to review intra-prison disciplinary proceedings. In overruling the Department's preliminary objections, we stated:

> While we agree that the November 22, 2016 decision by the misconduct hearing examiner is not reviewable in our appellate or original jurisdiction, Jackson is not asking this Court to review the misconduct determination itself. Rather, Jackson alleges that the procedure in reaching that decision failed to comply with the Department's internal policies and Jackson's right to due process because he was not able to present evidence. Because it appears that [the r]espondents' first preliminary objection mischaracterizes Jackson's argument as a contest of the merits of the misconduct determination, we overrule the first preliminary objection.

*Jackson*, slip op. at 5.

Here, as in *Jackson*, the petition claims that Brown was not afforded due process under 37 Pa. Code §93.10 in his discipline hearings and appeals. Specifically, the petition alleges that Brown lacked notice on the misconduct charge No. D468367, which omitted "crucial facts." Petition at 8, ¶17. The hearing examiner refused to view relevant videotape footage at the hearings for the misconduct charges Nos. D468380 and D468367. Further, when Brown attempted to appeal the hearing examiner's determinations, Moslak avoided addressing Brown's appeals by falsely claiming that Brown did not submit supporting documents. These allegations are not about the merits of the misconduct determinations but, rather, the procedure in reaching those determinations. *Jackson*, slip op. at 5. Further, we agree with Brown's assertion that retaliation for filing grievances and lawsuits against the Department's employees, if it has occurred, violates his constitutional right of access to the courts. *Yount v. Pennsylvania*

9

*Department of Corrections*, 966 A.2d 1115, 1121 (Pa. 2009). *See also Brown v. Blaine*, 833 A.2d 1166 (Pa. Cmwlth. 2003) (prisoner who alleges retaliation by prison employees for the filing of grievances has invoked the First Amendment[3] right of access to the courts).

In sum, Brown's petition has identified a personal interest "not limited by [Department] regulations and affected by a final [Department] decision," to which "the inmate is entitled to notice and an opportunity to be heard." *Hill*, 64 A.3d at 1167. Therefore, we overrule Respondents' preliminary objections based upon lack of original jurisdiction.

## C. Demurrer

### 1. Due Process Claim

We consider, next, Respondents' preliminary objections asserting a demurrer. Brown asserts that he was denied the process that is set forth in the Department regulation at 37 Pa. Code §93.10(b). This provision provides, in pertinent part, that when the Department seeks to impose discipline on a prisoner, there will be a "[w]ritten notice of charges," an "[o]pportunity for the inmate to tell his story and to present relevant evidence," and "[o]pportunities to appeal the misconduct decision in accordance with procedures in the Department of Corrections Inmate Handbook." 37 Pa. Code §93.10(b)(1), (3), (6).

Due process requires that inmates charged with misconduct be provided: (1) a hearing by an impartial adjudicator; (2) written notice of the charges,

---

[3] U.S. CONST. amend. I. It provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people to peacefully assemble, and to petition the Government for redress." *Id*.

provided at least 24 hours prior to the hearing; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance if the charged inmate is illiterate or if complex issues are involved; and (5) a written explanation of the decision. *Wolff v. McDonnell*, 418 U.S. 539, 563–71 (1974).

In *Bush v. Veach*, 1 A.3d 981 (Pa. Cmwlth. 2010), an inmate appealed an order of the common pleas court that sustained the preliminary objections of prison employees and dismissed the inmate's complaint for damages. We reversed, holding that because the inmate received neither written notice nor any of the other procedures listed in 37 Pa. Code §93.10(b), he had sufficiently "stated a cause of action for a violation of the process set forth in 37 Pa. Code §93.10." *Bush*, 1 A.3d at 985.

In *Jackson* (Pa. Cmwlth., No. 47 M.D. 2017, filed June 13, 2018), the Department filed preliminary objections asserting a demurrer in response to Jackson's due process claim raised under 37 Pa. Code §93.10(b). Accepting as true the allegations that the Department denied the inmate the opportunity to tell his story and to present relevant evidence, we overruled the Department's preliminary objection and held that the inmate had "sufficiently pleaded a claim for noncompliance with the Department's internal regulations and a related due process violation." *Jackson*, slip op. at 6.

Likewise, here, Brown alleges that Respondents violated Department policy DC-ADM 801 and 37 Pa. Code §93.10(b) by denying him an adequate notice of charges, refusing to view relevant videotape footage at the hearings, and denying him an opportunity to appeal the misconduct decisions by falsely claiming that Brown failed to submit necessary supporting documents. Accepting as true the

11

allegations in the petition for review, we conclude that it is not clear at this stage in the proceeding that Brown has failed to state a claim for which relief may be granted. As such, we overrule Respondents' demurrer relating to Brown's due process claim.

## 2. Retaliation

Brown's petition also asserts a First Amendment retaliation claim against Respondents.[4] The petition alleges that Respondents adopted a policy or practice of using the misconduct proceedings to punish Brown for his "litigious and iconoclastic behaviors." Petition at 6, ¶13. As a result, he has been kept in the restrictive housing units and was unable to access medical care.

In *Yount*, 966 A.2d at 1120-21, our Supreme Court held that to prevail on a First Amendment retaliation claim, the petitioner must state sufficient facts to show that (1) he engaged in constitutionally protected conduct; (2) the retaliation against that conduct resulted in adverse action; (3) the protected conduct was a substantial and motivating factor for the retaliation; and (4) the retaliatory action did not further a legitimate penological goal. *Id.*

Importantly, the Supreme Court concluded that the final element for a First Amendment retaliation claim places the burden of proof on the petitioner to prove that the Department's disciplinary action did not further a legitimate penological goal. This requirement stems from the "potential for abuse" inherent in retaliation claims and also a policy of judicial deference to the prison officials'

---

[4] The rights secured by the First Amendment, which include prisoners' ability to file administrative grievances and legal actions, are enforceable at the state level by virtue of the Fourteenth Amendment's Due Process Clause, U.S. CONST. amend. XIV, §1. *Bush*, 1 A.3d at 985. The Fourteenth Amendment states, in relevant part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law[.]" U.S. CONST. amend. XIV, §1.

"legitimate interest in the effective management of a detention facility." *Id*. at 1120 (quoting *Abdul-Akbar v. Department of Corrections*, 910 F. Supp. 986 (D. Del. 1995)).

Upon review of the petition, we conclude that the alleged facts are insufficient to meet the fourth prong for a First Amendment retaliation claim because they fail to demonstrate that the retaliatory action, *i.e*., the misconduct charges, did not further a legitimate penological goal. Brown's averments are replete with conclusory allegations that the misconduct charges were "retaliatory," which need not be accepted as true for purposes of preliminary objections. *Torres*, 997 A.2d at 1245. As such, we sustain Respondents' demurrer with respect to Brown's First Amendment retaliation claim.

### 3. Mandamus

To the extent that Brown's petition requests that the misconduct charges be removed from Brown's record, we conclude that the petition does not state a mandamus claim. Mandamus is an extraordinary remedy used to compel the performance of a ministerial act or mandatory duty where a petitioner establishes (1) a clear legal right to relief, (2) a corresponding duty in the respondent, and (3) a lack of any other adequate and appropriate remedy at law. *Tindell v. Department of Corrections*, 87 A.3d 1029, 1034 (Pa. Cmwlth. 2014). The purpose of mandamus is not to establish rights or to compel performance of discretionary acts but, instead, to enforce rights that have been clearly established. *Id*.

The Department's misconduct determinations involve exercise of discretion. *Small v. Horn*, 722 A.2d 664, 669-70 (Pa. 1998). Mandamus is not available to review the way an agency or public official has exercised discretion.

13

Accordingly, the Department's decisions cannot be reviewed in a mandamus action. We thus sustain Respondents' demurrer with respect to Brown's mandamus claim.

## IV. Conclusion

For the foregoing reasons, we overrule Respondents' preliminary objections based upon lack of original jurisdiction because this Court has jurisdiction to review Brown's due process and First Amendment retaliation claims. We also overrule Respondents' preliminary objections asserting a demurrer with respect to Brown's claim for noncompliance with the Department's internal rules and regulations and a related due process violation. However, we sustain Respondents' demurrer with respect to Brown's First Amendment retaliation claim and the mandamus claim. Finally, we quash the portion of Brown's petition addressed to this Court's appellate jurisdiction.

_____
MARY HANNAH LEAVITT, President Judge Emerita

Judge Fizzano Cannon did not participate in the decision of this case.

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Political Prisoner #DL4686 a/k/a : 
Alton D. Brown, :
              Petitioner :
               :
        v. :      No. 99 M.D. 2022
               :
George M. Little, Secretary of :
the Pa. DOC and Z.J. Moslak, :
              Respondents :

# **O R D E R**

AND NOW, this 1st day of August, 2023, the preliminary objections filed by George M. Little, Secretary of Corrections, and Z.J. Moslak (collectively, Respondents), are OVERRULED in part and SUSTAINED in part. Respondents' motion to quash the appellate portion of Political Prisoner #DL4686 a/k/a Alton D. Brown's (Petitioner) petition for review is GRANTED. Respondents shall file an answer to Petitioner's petition for review in accordance with the accompanying opinion within thirty days of the date of this order.

_____
MARY HANNAH LEAVITT, President Judge Emerita